No. 36,064

JAMES HARRISON, *Appellant*, v. LOZIER-BRODERICK AND GORDON, and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, *Appellees*.

(145 P. 2d 147)

Opinion filed January 22, 1944.

*A. M. Etchen*, of Kansas City, and *Guy Runnion*, of Kansas City, Mo., were on the briefs for the appellant.

*James K. Cubbison*, of Kansas City, argued the cause, and *Howard Payne*, of Olathe, *Blake A. Williamson* and *Lee Vaughan*, both of Kansas City, were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a claim for workmen's compensation. The examiner found the injury did not arise out of and in the course of the workman's employment and denied compensation. On appeal the trial court made the same finding and reached the same conclusion.

There is not much dispute about the facts. Claimant was em-

ployed on the grounds of the ordnance plant near Eudora, spoken of in the record as the Sunflower Ordnance Works. His employer was the Lozier-Broderick company. This company was engaged in the construction business on the reservation. The work of the claimant was hauling cement blocks. ˙ The injury occurred during the time when the plant was under construction. The reservation where the plant is located is about two or three miles wide and five miles long. It is operated by the Hercules Powder Company. There were a number of entrances to the grounds. At each entrance guards were placed. No one was allowed to enter any of the gates without the proper credentials. There were several miles of road throughout the reservation. At the time of claimant's injury the Hercules Powder Company operated buses along these roads for the purpose of transporting guards and watchmen to their stations. There were several subcontractors operating there at the time, each doing work at a different place.

The plan followed for keeping account of the time each man worked was for him to report at what is called in this record a time shack, where he would be given a brass tag with his number on it and the workman would also sign his name on a card which he would hand to the timekeeper. His time for the day did not start until he obtained this tag and signed this card. Each subcontractor maintained one of these shacks in the vicinity of the work it was doing. The time shack maintained by respondent by whom claimant was employed was designated as time shack No. 11.

Claimant lived in Leavenworth and rode to his work each morning in an automobile with three other workmen. These three workmen worked for a subcontractor other than the one by whom claimant was employed. The time shack to which they reported was No. 7. It was located about 200 feet from No. 11. On the morning of the injury claimant with his three companions in the car presented himself at one of the gates at the reservation. The credentials were examined by a guard stationed there and they were admitted. These credentials consisted of a button reading "Sunflower Ordnance Works" with a number for each workman and with the workman's picture on it, also another button upon which was printed "Sunflower Ordnance Works"—name, "James Harrison," giving his social security number, his birth date, weight and other descriptions. As soon as they were admitted they all rode in the car directly to time shack No. 7. Near it they parked their car and the three companions of claimant reported at their time shack and went to work.

Claimant started walking down the road to time shack No. 11. On his way there and before he reached it he was struck by a bus operated by the Hercules Powder Company, and injured. He was due to start work at 7:30 and it was not quite that time when he was injured. He never did get to work that day. These facts are undisputed.

On such a record the examiner for workmen's compensation denied compensation on the ground that the claimant had not yet reached the place of his employment—hence the injury did not happen in the course of the employment, as it must do before the workman is entitled to compensation for his injury. (See G. S. 1935, 44-501.) On appeal the trial court held to the same effect. Hence this appeal by the claimant.

Claimant argues here that the undisputed evidence brings the case under the rules laid down in *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818, where we held that a workman who was injured while in his place of employment putting on his overalls a few minutes before time to go to work was entitled to compensation. We have held to that general effect many times. The trouble with that argument in this case is that this claimant had not yet reached his place of employment when he was injured. The place of his employment was in the vicinity of the time shack No. 11. He was on his way there. There was no relationship between the man at the gate and claimant's employer. They were employees either for the Sunflower Ordnance Works or the Hercules Powder Company. Claimant's employer was not operating the bus which struck him nor was the bus being operated for it. The respondent bore no different relationship to the road on which the bus was operating and along which claimant was walking than any of the other subcontractors who were doing work at this plant. Time shack No. 7, near which was parked the car in which claimant had ridden to work, bore no relation to respondent.

We have examined the authorities cited and relied on by claimant and find that they are all cases where either the injury happened on the premises of the employer or while the workman was acting on business of the employer. Neither is the situation here.

Claimant asks us to read this record and reach a different conclusion as to the facts than was reached by the commissioner of workmen's compensation and the trial court. This we cannot do.

The judgment of the trial court is affirmed.