■ In the Matter of the Claim of JOSEPH MURANO, Respondent, v. CHRYSLER CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant, employed as a maintenance man, was required to use a company car to take mail from the plant to the post office, some three miles distant. On the day of the accident, he performed this duty and then bought bread which he intended to take to his home, about two miles away, before returning to the plant; and while on the way to his home and off the return route to the plant, the car was involved in an accident, whereby he was injured, after which he returned to the plant. There is substantial evidence, which the board was entitled to accept, that claimant's use of the automobile, an instrumentality of the employment, was with the permission, general or implied, of the employer. Claimant testified: "I had previous conversations with Mr. Farrell to the effect that he gave me permission that at any time I was near the house or out that I was welcome to stop at the house because he done it himself on his way out." He had done so, he said, a "dozen times" before and had not asked Mr. Farrell (his superior) each time because Mr. Farrell had given him "general permission". On cross-examination, claimant referred to his permissive use as in "emergency" situations but this occasion appeared such to him, with "five children at home with hardly anything in the house and the stores close at six o'clock"; and, indeed, Mr. Farrell seemed to use the term in much the same sense, in characterizing as an emergency an occasion when claimant was given permission to take the car home because a washing machine had broken down. The testimony of another witness — the plant manager — that he could use the car assigned to him in his discretion, even to go on vacation, is cited to us as illustrative of the employer's liberal policy. There seems a surprising dearth of decisional law as to the precise factual issue here presented but, quite aside from the general permission to which claimant testified, there is ample precedent for the implication of permission from an employer's acquiescence in a custom or practice; as in the horseplay cases (e.g., *Matter of Ognibene* v. *Rochester Mfg. Co.*, 298 N. Y. 85); the coffee-break cases (e.g., *Matter of Bodensky* v. *Royaltone, Inc.*, 5 A D 2d 733); cases of other personal errands (*Matter of Redfield* v. *Boulevard Gardens Housing Corp.*, 4 A D 2d 906, mot. for lv. to app. den. 3 N Y 2d 710); and those involving recreational and athletic activities (*Matter of Motto* v. *Cosmopolitan Tourist Co.*, 278 App. Div. 597, mot. for lv.

to app. den. 302 N. Y. 950; *Matter of Bowen* v. *Saratoga Springs Comm.*, 267 App. Div. 928). Decision affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., and Gibson, J., concur; Herlihy, J., concurs in the result solely on the ground that the present record, when read as a whole, justifies the board's decision. Reynolds, J., dissents, on the ground that the claimant's accidental injuries did not arise out of and in the course of the employment.