The TRAVELERS INSURANCE COM-
PANY, Appellant,

v.

Mrs. Aldia L. KEYS, Appellee.

No. 7539.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 21, 1973.

Rehearing Denied Dec. 13, 1973.

Gordon Pate, Beaumont, for appellant.

Joe H. Tonahill, Jasper, for appellee.

KEITH, Justice.

The appeal is from a judgment which awarded death benefits under the workmen's compensation law to the widow of an employee killed in an automobile accident.

Henry Keys was employed as a jukebox repairman and was required to go to various places of business in and around the City of Orange to repair his employer's equipment as needed. For this purpose, he was furnished with a pickup truck which he used both in his work and for personal purposes, the latter with his employer's knowledge and consent. He was on call twenty-four hours a day, seven days a week, taking calls over his two-way radio, over the telephone at his home, etc. He did not own an automobile.

On Saturday, September 26, 1970, he was driving the employer's truck, accompanied by his wife and a young friend, when he was in a collision which resulted in his death.

On the date of the fatal accident, Mrs. Keys had made plans to attend Mass at 6:30 p. m. at St. Mary's Catholic Church in Orange. The Keys lived in West Orange, a considerable distance south and west of the church. About 5:45 p. m., Mrs. Polly McCormack, the operator of "Albert's Inn," called the deceased at his home advising him that one of the jukeboxes owned by deceased's employer was inoperative and asked him to fix it. She testified that Mr. Keys told her that he would come by soon and make the repairs.

Mrs. Keys testified that her husband then told her: " 'Well, get ready [to go to church] and I'll take you. I'm going on a call to Albert's Inn.' " They left home in the employer's truck and the fatal accident occurred at Tenth and Main Streets in the City of Orange. The place of the accident was several blocks beyond the intersection where Mr. Keys normally would have turned on a direct route from his home to Albert's Inn and he was, at the time of the accident, proceeding *away* from Albert's Inn. It is permissible to infer from the record, at this point, that Mr. Keys intended to drop his wife off at the church and then proceed to Albert's Inn to repair the machine; but, it is equally clear that at the very moment of the impact he was not headed in the direction of the broken jukebox.

The court's charge, which comes to us without objection, contained the substance of §§ 1 and 1b, Art. 8309, Vernon's Ann. Civ.St., in defining course of employment.

Defendant challenges the jury finding that deceased was in the course and scope of his employment with many points of error, both no evidence points and that the finding was against the great weight and preponderance of the evidence.

In passing upon the no evidence points, we will consider only the evidence and the inferences tending to support the finding and disregard all evidences and inferences to the contrary. In passing upon the great weight and preponderance points, we will consider the record as a whole. Garza v. Alviar, 395 S.W.2d 821 (Tex. 1965).

The insurer contends that the evidence recited above shows, as a matter of law, that Mr. Keys was not in the scope of his employment at the time he received his fatal injuries and relies upon the recent series of cases by our Supreme Court, some of which are cited in the margin.[1] It likewise points to the emphasized words in § 1b of the compensation statute:

"Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip *to the place of occurrence of said injury* would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."

We recognize the rule laid down in Shelton v. Standard Insurance Company, 389 S.W.2d 290, 294 (Tex.1965), wherein the Court said:

"Under the provisions of Section 1b of Article 8309, Vernon's Ann.Tex.Civ.

---

1. Texas General Indemnity Company v. Bottom, 365 S.W.2d 350 (Tex.1963); Jecker v. Western Alliance Insurance Company, 369 S.W.2d 776 (Tex.1963); Janak v. Texas Employers' Insurance Association, 381 S.W.2d 176 (Tex.1964); Johnson v. Pacific Employers Indemnity Company, 439 S.W.2d 824 (Tex.1969); and Davis v. Argonaut Southwest Ins. Co., 464 S.W.2d 102 (Tex.1971).

Stat., travel in furtherance of both the business affairs of the employer and the personal affairs of the employee may not be the basis of a claim for compensation unless the trip to the place of injury: (1) would have been made even had there been no personal or private affairs of the employee to be furthered thereby; and (2) would not have been made had there been no affairs or business of the employer to be furthered by such trip."

See also, Agricultural Insurance Co. v. Dryden, 398 S.W.2d 745, 747–748 (Tex. 1965), Pope, J., concurring).

It should also be borne in mind that the Court in *Shelton,* supra, was considering the same statute which it had before it in *Bottom,* supra, wherein the Court commented that the amendment to the statute (§ 1b) was designed to circumscribe rather than enlarge the definition found in § 1 of the Article. (365 S.W.2d at 353).

The seminal case on the dual purpose doctrine as applied to causes arising under the workmen's compensation laws is that of Judge Cardozo in Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181 (1929).[2] But, the examples postulated by Judge Cardozo do not fit our facts; nor, for that matter, do any of the cases mentioned herein or cited by either of the parties fit.

■ We are considering an employee whose employer furnished him a truck for use in the master's business. The employer expressly permitted uses personal to the employee as well as the employer's needs. Mr. Keys was required to be on duty every hour of every day, subject to being called upon to do a job in furtherance of the master's business. Of necessity, the employee, when on the affairs of the master, was subjected to the risks of being injured while upon the streets and highways—a matter which was certain to have been in the contemplation of the parties when the arrangement was made.

Ours is a case wherein the employee was, unquestionably, on a mission for the employer, to fix the jukebox in Albert's Inn. In going to Albert's Inn he made a small deviation, inconsequential in both time and space, to take his wife to church. Under our record, it was shown clearly that Mr. Keys was going to be repairing the jukebox in Albert's Inn within a very few minutes after he dropped his wife off at the church.

We find that a number of out of state cases have upheld an award of compensation when the deviation was minor and of relatively short duration. See 7 Schneider, Workmen's Compensation, § 1682, p. 396 (1950). One of these cases, Block v. Camp Shows, 272 App.Div. 980, 72 N.Y.S. 2d 681 (1947), involved an employee whose duties took him to a town nine miles from his place of regular employment. While awaiting the time of the arranged return to his base, he was injured when he accidentally fell in descending the stairway leading to a basement barber shop to which he was going for a haircut and shave. The court, permitting the recovery, said:

"We consider that under the evidence here, claimant's deviation, if any, from his duties of an active nature was no such departure from the general performance of the duties of his mission as to result in a severance of his employee status at the time of the accident. [citations omitted]"

Under the peculiar facts shown by our record, we are unable to conclude that Mr. Keys had so far deviated from his course of employment as to terminate his employment status with his employer. Taking into account the unusual nature of Mr. Keys' employment, the demands it made upon him, and the fact that the duties of

2. 1 Larson, Workmen's Compensation (1972 Rev.) § 18.12, fn. 4 at 4–158, states: "The Texas statute (Art. 8309, § 1b) restates the Marks v. Gray rule, but adds 'unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip.'"

his employment made it necessary that he take care of personal errands at odd times, all point to a relaxation of the hard and fast rule which would deny compensation under these facts. Cf. Strauss v. Industrial Commission, 73 Ariz. 285, 240 P.2d 550 (1952); Murano v. Chrysler Corporation, 19 A.D.2d 942, 244 N.Y.S.2d 464 (1963). See also, 1 Larson, Workmen's Compensation (1972 Rev.) §§ 19.62, 19.63.

Thus, we are of the opinion that the small deviation, both in time and space, does not compel, as a matter of law, a holding that Mr. Keys was not in the course and scope of his employment at the time he was injured.

Being of the opinion that the trial court properly awarded the death benefits to the widow, all of the insurer's points of error are overruled, the judgment is

Affirmed.