(680 P.2d 556)

No. 55,889

GARY EDWARD MESSENGER, Deceased, *Appellee,* v. SAGE DRILLING COMPANY and HARTFORD ACCIDENT AND INDEMNITY, *Appellants.*

Opinion filed May 3, 1984.

*Ken W. Strobel,* of Williams, Larson, Strobel, Estes & Malone, of Dodge City, for appellants.

*Jerry L. Soldner,* of Soldner and Wheeler, of Garden City, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: Respondent Sage Drilling Company and its insurance carrier Hartford Accident and Indemnity (appellants) appeal from the district court's finding that the death of Sage's employee, Gary Messenger, in a truck accident while on the way home from a distant drill site arose out of and within the scope of his employment.

Appellants raise only the scope of employment issue. Appellants do not address the issue of the crew's deviation while en

route home. Instead, their brief focuses on the Kansas statutory "going and coming" rule, which states:

"The words 'arising out of and in the course of employment' as used in the workmen's compensation act shall not be construed to include injuries to the employee occurring while the employee is on the way to assume the duties of employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence. An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer or on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer." K.S.A. 1983 Supp. 44-508(f).

Appellants claim this statute blocks any recovery by Messenger's dependents.

While commentators have noted that the Kansas "going and coming" rule is restrictive (1 Larson, Workmen's Compensation Law § 15.42 [1982]; Wells and Looney, *Survey of Kansas Law: Workmen's Compensation,* 18 Kan. L. Rev. 478, 482-3 [1970]), it must be recognized that the rule does not apply in all cases where the claimant may be described as traveling to or from work.

"The rule excluding off-premises injuries during the journey to and from work does not apply if the making of that journey, or the special degree of inconveniences or urgency under which it is made, whether or not separately compensated for, is in itself a substantial part of the service for which the worker is employed." 1 Larson, § 16.00.

The court in *Chapman v. Victory Sand & Stone Co.,* 197 Kan. 377, 382-83, 416 P.2d 754 (1966), had this to say in regard to the above-mentioned statute:

"The statute here under consideration is simply a codification of the 'going and coming' rule universally developed by courts in construing Workmen's Compensation Acts. It has been a part of our workmen's compensation law since 1917. (L. 1917, Ch. 226, Sec. 2.) It is a legislative declaration there is no causal relation between an injury and the business which employs another, that is, the injury does not arise out of the nature, conditions, obligations or incidents of the employment, while the employee is on his way to assume his duties or after leaving his duties, which is not proximately caused by the employer's negligence. In the language of the statute, such an injury does not arise out of and in the course of the employment. While the statute does not define the place where the employee is 'to assume the duties of his employment,' our decisions are to the effect it is a place where an employee may reasonably be during the time he is doing what a person so employed may reasonably do during or while the employment is in progress. They require that the employee be engaged in some *activity contemplated by and causally related to the employment. (Sedlock v.*

*Mining Co.,* 98 Kan. 680, 682, 159 Pac. 9; *Rush v. Empire Oil & Refining Co.,* [140 Kan. 198, 34 P.2d 542]; *Harrison v. Lozier-Broderick & Gordon,* [158 Kan. 129, 145 P.2d 147]; *Jones v. Lozier-Broderick & Gordon,* [160 Kan. 191, 160 P.2d 932]; *Murray v. Ludowici-Celadon Co.,* [181 Kan. 556, 313 P.2d 728]; *Madison v. Key Work Clothes,* [182 Kan. 186, 318 P.2d 991].)" Emphasis added.

Kansas has long recognized one very basic exception to the "going and coming" rule. That exception applies when the operation of a motor vehicle on the public roadways is an integral part of the employment or is inherent in the nature of the employment or is necessary to the employment, so that in his travels the employee was furthering the interests of his employer.

The Kansas courts have acknowledged that travel can itself be a substantial part of employment. In some cases, travel is an intrinsic part of the job (see *Kennedy v. Hull & Dillon Packing Co.,* 130 Kan. 191, 285 Pac. 536 [1930] [traveling salesman]); in others, custom or usage has made travel an element of the employment, and the courts have held that the *traveling furthered the purposes of the employer* and so arose out of and within the scope of employment.

In *Bell v. Allison Drilling Co.,* 175 Kan. 441, 264 P.2d 1069 (1953), compensation was also awarded. *Bell* is very similar to the case at bar. In *Bell* the deceased had been engaged as the driller on the drilling crew. He was contacted concerning the job on one day and was told to report to the well site with his crew at 8:00 a.m. the following morning. He set out to locate the three roughnecks needed to complete his crew. While traveling on the highways, he died in an auto wreck. The district court's findings that it was the custom in the business that the driller hire and procure his own crew, and that the deceased was expected to do so, were affirmed. Also affirmed were findings that the deceased was engaged in this obligatory service at the time of his death, and that this service was beneficial to both deceased and his employer. These findings were the basis for the district court's conclusion that the death arose out of and in the course of deceased's employment; this conclusion was also affirmed.

In *Newman v. Bennett,* 212 Kan. 562, 512 P.2d 497 (1973), compensation was allowed where the death was from a car accident occurring on a trip from an oil lease owned by one employer to that of another. The court in *Newman* held:

"Whether an accident arises out of and in the course of the workman's

employment depends upon the facts peculiar to the particular case." 212 Kan. 562, Syl. ¶ 3.

Thus, the question of whether the "going and coming" rule applies must be addressed on a case-by-case basis. And see also *Mitchell v. Mitchell Drilling Co.*, 154 Kan. 117, 114 P.2d 841 (1941), where the death of the company president and "tool pusher" resulting from a car accident while traveling between job sites was held to be compensable.

A contrary result was reached in *LaRue v. Sierra Petroleum Co.*, 183 Kan. 153, 325 P.2d 59 (1958). In that case, an oil well crew member died in a car accident on the way home from a drilling site. The case is easily distinguished from the facts presently before this court. The driver of the car, and the decedent, members of a drilling crew, had been staying in Lyons near the well site. They decided to drive to their homes a hundred miles away before joining the rest of the crew at a new drill site the next morning. The trial court found that the employer did not pay mileage for the trip, did not authorize the driver to provide transportation and did not furnish transportation for the decedent. Further, the trip to the decedent's home was held to be strictly personal. The employer's interests would not be furthered by the trip.

In the present case, both the administrative law judge and the district court discussed the importance to Sage of the traveling done by Messenger and his fellow employees. Both found commuting long distances was an incident of the job itself.

The district court first noted that the type of work in this case should be distinguished from that in which the employer has a permanent work location. The Supreme Court noted the importance of this factor in *Kennedy v. Hull & Dillon Packing Co.*, 130 Kan. at 195, a case involving a traveling salesman:

"His employment differs from one employed in the factory who might have been injured on his way to the factory where his work was to be performed. In such a case the worker would not be entitled to compensation. Kennedy's work required that he travel from place to place in the allotted territory in an automobile, calling on regular customers and in seeking to procure new ones. It was left to him to determine the roads he would travel over in doing his work. He was expected to keep in touch with the plant in Pittsburg and to promptly phone in orders obtained. While out canvassing the territory he was under the supervision of the defendant and subject to its orders. The place of work was not the boundaries of towns where orders were solicited or collections made. All contemplated that travel was necessary for the performance of his duties, and that it would take him through the counties named."

In the present case, the district court underlined the fact that the employer actively seeks persons who are willing to work at "mobile sites." Further, the court found that the practice of paying drillers to drive and so providing an entire crew with transportation is customary, as was the procuring of the crew in *Bell,* and the traveling from site to site as in *Bennett* and *Mitchell.* The court here stated that both the employer and the employee benefited from the transportation arrangement, comparing it to the mutual benefit found in *Bell.* The district court further stated that under *Bell,* if the driller in Messenger's crew had been performing his traditional functions, his transportation of the crew from their homes to the drill site and back home again would have been in the course of his employment and while furthering the employer's interest. See also *Hanson v. Zollars,* 189 Kan. 699, 371 P.2d 357 (1962). In such a case, the district court believed there could be no argument but that the accident arose out of and in the course of employment. The district court could find no distinction between such a case and the present, where other members of the crew performed the driller's function and the practice was condoned by the company.

Substantial competent evidence exists in the record to support the trial court's finding that travel was an intrinsic part of Messenger's job. See *International Petroleum Services, Inc. v. S & N Well Service, Inc.,* 230 Kan. 452, Syl. ¶ 8, 639 P.2d 29 (1982). Jack Collins, the driller for Messenger's crew, testified that workers without transportation would not be hired, as crew members had to be able to provide their own transportation, as well as being amenable to travel; that the company receives a definite benefit when crew members agree to travel; and that the drilling companies do not attempt to hire new teams near each drilling site, but instead, they sometimes expect their existing crews to travel over two hundred miles to and from drilling sites. Such evidence supports the trial court's judgment. The drilling crew's willingness to commute furthered Sage's interests, and therefore Messenger's death arose out of and in the course of his employment.

Oilfield cases from other jurisdictions are in accord. See, *e.g., Texas Employers' Ins. Ass'n v. Byrd,* 540 S.W.2d 460, 462 (Tex. Civ. App. 1976); *Austin Drilling Co. v. Rice,* 616 P.2d 446, 447 (Okla. App. 1980).

The trial court herein found that the employee had no permanent work site, but was required to travel to often distant locations to perform his job. The court found that the common and accepted practice in the oil well drilling business was that workers would live at some distance from their work sites, and would have to travel daily to reach there. It was also found that the employees *had to provide their own transportation,* though the employer would reimburse them at the rate of 20¢ per mile. Finally, the trial court found that the employee would not have been hired if he had refused to undertake the traveling that the job required. Based on all these findings, the court concluded that in his travels the deceased was performing a benefit for his employer, and therefore, his death arose out of and in the course of his employment. In this manner, this case was brought within the exception to K.S.A. 1983 Supp. 44-508(*f*), and compensation was allowed.

There appears to be substantial evidence in the testimony of Jack Collins, driller on the crew with the deceased, to support the findings of fact made by the trial court. Those findings indicate that transporting the crew members to the drilling site and back again was an integral and necessary part of the employment, and that the employer was benefited by the transportation arrangements which had become customary in the industry. Such findings bring this case within the ambit of the exception to K.S.A. 1983 Supp. 44-508(*f*), and thus compensation is allowable.

In summary, Messenger's death while traveling was causally connected with his employment (see *Chapman v. Victory Sand & Stone Co.,* 197 Kan. 377); furthermore, the factual situation herein is very similar to that of *Bell v. Allison Drilling Co.,* 175 Kan. 441; and as noted above, *Newman v. Bennett,* 212 Kan. 562, dictates that questions such as that presented by the instant case must be decided by the trial court on a case-by-case basis. These specific authorities, when considered in conjunction with other authorities hereinabove set out, cause us to conclude that the trial court's decision must be upheld.

Affirmed.