(106 P.3d 94)
No. 92,246

PHILLIP M. SMITH, Deceased, *Appellant,* v. WINFIELD LIVESTOCK AUCTION, INC., and MEADOWBROOK INSURANCE CO., *Appellees.*

Opinion filed February 18, 2005.

*D. Shane Bangerter, Jennifer Hutchins,* and *David J. Rebein,* of Rebein Bangerter PA, of Dodge City, for appellant.

*Stephen J. Jones,* of Law office of Stephen Jones, of Wichita, for appellees.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

MARQUARDT, J.: Bonnie Smith, widow of Phillip M. Smith, appeals the finding of the Workers Compensation Board (Board) that Phillip's fatal injuries did not arise out of and in the course of his employment. We affirm.

On October 3, 2001, Phillip hauled three cows to the Winfield Livestock Auction, Inc. (Auction) for Anna Poovey. After the auction concluded, Phillip was loading Poovey's cow into the trailer and was trampled by the cow. Phillip died 4 days later.

Phillip, a farmer, worked for the Auction 1 day a week moving cattle off the scales during the auctions. Phillip was paid hourly for this work. Phillip leased a trailer from John Brazle, owner and president of the Auction, to haul cattle to and from the Auction. Phillip charged the cattle owner a fixed rate plus mileage for cattle he transported, and Brazle would receive 20 percent of that amount for the lease of the trailer. Phillip's fees were paid out of the sale price of the cattle.

Phillip clocked in at the Auction on October 3 at 10:53 a.m. for the 11 a.m. auction and clocked out that day at 3:21 p.m. after the sale was over. After clocking out, Phillip went to the cafe and at approximately 5 p.m., he drove his truck and trailer to the loading area to load Poovey's cow that had not sold.

The two Auction employees responsible for loading livestock, J.D. Petersen and Sarah Conway, were sent to move the cow from a holding pen in the alleyway into the trailer. Petersen went to get the cow while Conway closed the small gate on the north side of the trailer. At the same time, Phillip stood on the south side of the trailer, but instead of closing the gate, he simply stood in the space in front of the gate to direct the cow into the trailer.

Petersen told Phillip to move his trailer to a loading dock to avoid getting run over by the cow. Instead of walking directly into the trailer, the cow hit Phillip several times, knocking him down and trampling him to get out of the pen.

Phillip was taken to a local hospital before being flown to Wesley Medical Center in Wichita. He suffered multiple fractured ribs. On October 7, 2001, he developed a pulmonary embolism and died.

Bonnie made a claim against the Auction for death benefits under the Workers Compensation Act (Act), K.S.A. 44-501 *et seq.* The administrative law judge (ALJ) denied the claim. Although the ALJ found a causal connection between Phillip's injury and subsequent death, she noted that the accident did not arise out of and in the course of employment. Bonnie appealed the ALJ's decision, which was affirmed by the Board. Bonnie timely appeals.

Bonnie claims that the Board erred by finding that Phillip's injuries did not arise out of his employment with the Auction.

Resolution of this matter requires a determination of whether the Board correctly interpreted K.S.A. 44-501(a). The statute provides: "If in any employment to which the workers compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, the employer shall be liable to pay compensation to the employee in accordance with the provisions of the workers compensation act."

In proceedings under the Workers Compensation Act, the burden of proof shall be on the claimant to establish the claimant's right to an award of compensation and to prove the various conditions on which the claimant's right depends. K.S.A. 44-501(a); *Brobst v. Brighton Place North,* 24 Kan. App. 2d 766, 778, 955 P.2d 1315 (1997).

In the instant case, both the ALJ and the Board made a negative finding that Phillip's injuries were not covered by workers compensation. When the Board finds that a claimant has failed to sustain his or her burden of proof, the negative finding will not be disturbed on appeal absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. *Nance v. Harvey County,* 263 Kan. 542, 551, 952 P.2d 411 (1997). However, when the facts are undisputed, as they are herein, the question of whether a worker's injuries arose out of and in the course of employment is a question of law, over which our review is unlimited. *Palmer v. Lindberg Heat Treating,* 31 Kan. App. 2d 1, Syl. ¶ 1, 59 P.3d 352 (2002).

Under the Act, the phrases arising "out of" and "in the course of" employment have distinct meanings, and both conditions must exist for a claim to be compensable. *Kindel v. Ferco Rental, Inc.,* 258 Kan. 272, 278, 899 P.2d 1058 (1995).

"The phrase 'out of' employment points to the cause or origin of the accident and requires some causal connection between the accidental injury and the employment. An injury arises 'out of' employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Thus, an injury arises 'out of' employment if it arises out of the nature, conditions, obligations, and incidents of the employment." 258 Kan. at 278.

In order to be compensable, the injury or accident must also have occurred in the course of employment. "The phrase 'in the course of' employment relates to the time, place, and circumstances under which the accident occurred and means the injury happened while the worker was at work in the employer's service. [Citations omitted.]" 258 Kan. at 278.

In the instant case, loading and unloading cattle was not part of Phillip's work required by the Auction. The accident occurred approximately 1½ hours after Phillip clocked out of his job at the scales. As a general rule, injuries that occur to an employee after leaving employment duties are not usually covered under workers compensation. See *Blank v. Chawla,* 234 Kan. 975, 979, 678 P.2d 162 (1984).

The Board, in ruling against Phillip, held that "[a]ccidental injuries which occur on dual purpose excursions where the benefit is both to the employer and the employee are generally ruled compensable." The Board cited *Tompkins v. Rinner Construction Co.,* 194 Kan. 278, 398 P.2d 578 (1965), and held: "However, the dual purpose rule does not extend to factual situations where the errand would not have been undertaken if the personal errand had been abandoned or postponed." The factual scenario in *Tompkins* is analogous to the present case.

In *Tompkins,* an office manager was killed in an automobile accident over lunch when he went to buy groceries for his wife and coffee for the office. Our Supreme Court ruled that the accident was not compensable because the trip was ultimately a personal errand. 194 Kan. at 284.

Returning unsold cattle to the owner is always the responsibility of the owner. Loading cattle after the auction is a duty of Auction employees. Two facts put Phillip's action outside of his hourly job at the Auction. First, he had clocked out and gone to eat at the on-site restaurant. Kansas law clearly holds that an injury does not arise "out of and in the course of employment" when an employee is engaged in recreational or social events under circumstances where the employee was under no duty to attend, and where the injury did not result from the performance of tasks related to the employee's normal job duties or as specifically instructed to be performed by the employer. *Beck v. MCI Business Services, Inc.,* 32 Kan. App. 2d 201, Syl. ¶ 3, 83 P.3d 800 (2003).

Secondly, Phillip's loading of the cow could easily have been interpreted as part of his job of hauling cattle back to the owner. His injuries did not arise out of and in the course of his employment at the Auction, and the Board did not err in concluding that Bonnie is not entitled to workers compensation benefits.

Affirmed.