(126 P.3d 1127)
No. 93,546

CHRIS A. SUMNER, Deceased, *Appellant*, v. MEIER'S READY MIX, INC., AND ZURICH U.S. INSURANCE CO., *Appellees*.

Opinion filed January 13, 2006.

*Lawrence M. Gurney,* of Wilson, Lee, Gurney, Carmichael & Hess, of Wichita, for appellant.

*Wade A. Dorothy* and *Douglas A. Dorothy,* of Dorothy & Henoch, L.L.C., of Lenexa, for appellees.

Before MARQUARDT, P.J., PIERRON, J., and BUKATY, S.J.

MARQUARDT, J.: Chris A. Sumner, deceased, through his surviving wife (Claimant), appeals the denial of an award by the Workers Compensation Board (Board). We reverse.

On September 30, 2002, Sumner, a truck driver for Meier's Ready Mix (Meier's), died as a result of a one-vehicle accident. Although Sumner was driving a company truck when he died, the parties stipulated that at the time of the accident, he was engaged in a personal errand with no business purpose. An administrative law judge (ALJ) found that Sumner's death arose out of and in the course of his employment.

The case was appealed to the Board, which made the following findings of fact:

Sumner worked for Meier's and lived in Council Grove. Meier's allowed Sumner to keep its truck at his residence every night. On the day of the accident, Sumner left home around 3 a.m., picked up a load and delivered it to Emporia at approximately 7 a.m. At Meier's plant in Sugar Creek, Sumner was instructed by Eric

Schneider, Meier's Ready Mix's assistant manager, to deliver a load to Junction City. As Sumner was driving toward Junction City along I-70, he received word that there was an emergency at his home.

Sumner told Schneider about the emergency, and Schneider gave Sumner permission to go home. It was agreed that Sumner would deliver his load to Junction City that day, if possible. Schneider testified that had Sumner exceeded the normal 12-hour workday, staying at home that night and delivering the load the next day would have been acceptable.

The Board further found that Sumner's accident occurred about 15 miles south of the I-70/K-177 intersection and about 13 miles north of Council Grove. In a 3-2 decision, the Board reversed the ALJ's award.

On appeal, Claimant contends that this court has unlimited review, citing *Smith v. Winfield Livestock Auction, Inc.*, 33 Kan App. 2d 615, 106 P.3d 94 (2005). However, *Winfield* clearly held that when facts are undisputed, this court has unlimited review. 33 Kan. App. 2d at 618. Claimant contests the facts arguing that Sumner was on his way home to stay when the accident occurred. An appellate court's review of disputed facts in a workers compensation case is limited to whether the Board's findings of fact are supported by substantial competent evidence, which is a question of law. *Titterington v. Brooke Insurance*, 277 Kan. 888, 894, 89 P.3d 643 (2004).

Whether there has been an accident injury arising out of and in the course of employment is a question of fact that will not be disturbed when there is substantial competent evidence to sustain it. *Foos v. Terminix*, 277 Kan. 687, Syl. ¶ 1, 89 P.3d 546 (2003). Substantial evidence in workers compensation cases is evidence that possesses something of substance from which the issue can be reasonably resolved. The appellate court reviews the evidence in the light most favorable to the prevailing party at the Board level and does not reweigh the evidence or assess the credibility of witnesses. *Neal v. Hy-Vee, Inc.*, 277 Kan. 1, 16-17, 81 P.3d 425 (2003).

The Workers Compensation Act, K.S.A. 44-501 *et seq.*, provides compensation for injuries that arise out of and in the course of employment. K.S.A. 44-501(a). Injuries stemming from the going

to and coming from employment are generally not compensable. K.S.A. 2004 Supp. 44-508(f). However, there is an exception to the "going and coming" rule when travel upon the public roadways is an integral or necessary part of the employment. *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 277, 899 P.2d 1058 (1995). Claimant's argument seems to be that Sumner was within the scope of this exception because he was on his way home when the accident happened. Meier's and Zurich U.S. Insurance Co. (Zurich) argue that Sumner was not within the scope of the exception because he was expected to deal with the personal emergency and then continue to Junction City later that day.

Whether an accident arises out of and in the course of employment depends on the facts peculiar to the case. *Messenger v. Sage Drilling Co.*, 9 Kan. App. 2d 435, 437-38, 680 P.2d 556, *rev. denied* 235 Kan. 1042 (1984) (citing *Newman v. Bennett*, 212 Kan. 562, Syl. ¶ 3, 512 P.2d 497 [1973]). In *Kindel*, an employee who was transported to and from work in a company vehicle, died in a car accident. For a few hours after work, Kindel and several fellow employees went to a strip club. Kindel was driven home by an intoxicated employee. The court held that there was substantial competent evidence to support the conclusion that Kindel's death occurred during the course of his employment. 258 Kan. at 284-85. The *Kindel* opinion seemed to focus on the fact that the deviation to the strip bar was minor and, when he died, Kindel was on his way home in a company vehicle. 258 Kan. at 284.

The *Kindel* court stated:

"A deviation from the employer's work generally consists of a personal or non-business-related activity. The longer the deviation exists in time or the greater it varies from the normal business route or in purpose from the normal business objectives, the more likely that the deviation will be characterized as major. In the case of a major deviation from the business purpose, most courts will bar compensation recovery on the theory that the deviation is so substantial that the employee must be deemed to have abandoned any business purpose and consequently cannot recover for injuries received, even though he or she has ceased the deviation and is returning to the business route or purpose." 258 Kan. at 284.

Claimant cites *Foos* for support. Foos was an exterminator who was assigned a vehicle for a route that included several towns. He

performed some exterminations in the morning, then took a break for a "hole-in-one" contest at a sports complex. Although he planned to do some work that afternoon, the jobs were not performed. Later that evening, while on his way home, he was injured in the company vehicle. The court held that Foos had returned from a deviation and was on a direct route home on a public highway which was an activity contemplated by his employer. 277 Kan. at 692.

Claimant essentially presents two arguments. First, the Board ignored the evidence that established Sumner was on his way home to stay at the time of the accident. Second, Claimant contends that Sumner's employer's permission to go home makes the accident compensable.

Claimant contends that the Board ignored uncontradicted evidence that proves Sumner was on his way home to stay at the time of the accident. Schneider testified that he assumed the load would be delivered the following day. However, he also testified that his intent was for Sumner to deliver the load to Junction City that afternoon if there was time.

Claimant argues that the time of the accident proves Sumner was on his way home to stay. The Board concluded that there was no evidence indicating how long Sumner planned to stay in Council Grove. Generally, drivers work a 12-hour shift, and Sumner began his shift at 3 a.m. Schneider testified that he normally arranged schedules so the working day is over by 3 p.m. It takes about an hour to unload the truck. Had there been no accident, Sumner would have arrived home around 2:30 p.m. That would leave 30 minutes to drive about 45 miles to Junction City, spend an hour unloading, and then drive home. That would likely have put Sumner home well beyond his 12-hour shift, assuming his personal emergency took no time to resolve.

Although the standard of review requires this court to defer to the factual findings of the Board, this case presents a question of whether the Board's decision is supported by substantial competent evidence. This court reviews the evidence, including circumstantial evidence, on which the Board made its decision. The conclusion that there was no evidence indicating how long Sumner

planned to stay in Council Grove ignores the circumstantial evidence that indicated he was near the end of his 12-hour shift.

Meier's and Zurich argue that Sumner does not fall under the exception to the going and coming rule because he was dealing with a personal emergency at the time of the accident. They cite *Messenger*, 9 Kan. App. 2d at 437, which held that the travels of the employee must further the interest of the employer.

If Sumner was not on his way home to stay for the rest of the night, *Messenger* might apply. However, if Sumner were on his way home to stay, *Messenger* would not apply. As Claimant points out, going home at the end of the workday is always personal; it never directly advances an employer's interest. Yet the *Foos* and *Kindel* courts allowed an award even though the employees were injured going home. Furthermore, evidence in the record on appeal indicates that Meier's policy of allowing drivers to take company trucks home furthered its interests. Schneider testified that the policy saved Meier's from unnecessary travel.

Claimant argues that the situation would be no different if Sumner had been given permission to leave work an hour early. However, Claimant cites no Kansas authority for the proposition that permission to deviate from work duties expands the scope of employment.

Commentators suggest that the scope of employment may be broadened by employer acquiescence. 1 Larson's Workers' Compensation Law § 17.06[2] (2005). In *Murano v. Chrysler Corporation*, 19 App. Div. 2d 942, 244 N.Y.S. 2d 464 (1963), the court held that the claimant was entitled to compensation for injuries that occurred during a personal errand. The claimant drove a company car to drop off mail for his employer. He had been given permission to stop by his house whenever he was out. The court concluded that the employer had acquiesced to the practice. 19 App. Div. 2d at 942.

*Murano* can be distinguished from this case because it dealt with a general acquiescence to an employee's personal errands. This case involves a one-time grant of permission to deal with a personal emergency.

Sumner routinely kept the company's truck at his home between his shifts. In this particular instance, there was no time to make the delivery to Junction City that day. His trip to his home falls within the going and coming exception. Claimant is entitled to workers compensation, and the Board's decision is reversed.

Claimant argues that Sumner was responsible for maintaining the truck, which required him to operate a hazardous instrumentality, *i.e.*, a fully loaded tanker. The Board rejected this argument because it lacked authority and would extend the exception to the going and coming rule.

K.S.A. 2004 Supp. 44-508(f) states:

"An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer or on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer."

See *Chapman v. Beech Aircraft Corp.*, 258 Kan. 653, 664, 907 P.2d 828 (1995). Sumner's injury occurred on K-177, which was not his only route to work, it was a public highway. It is therefore unnecessary for this court to determine if a truck is a special risk or hazard.

Reversed.