(274 P.3d 650)

No. 105,949

Roy Dean Craig, *Appellee*, v. Val Energy, Inc., and Liberty Mutual Insurance Co., of America, *Appellants*.

Opinion filed March 16, 2012.

*Frederick J. Greenbaum, John David Jurcyk*, and *Douglas M. Greenwald*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellants.

*Melinda G. Young*, of Hutchinson, for appellee.

Before Buser, P.J., Arnold-Burger, J., and Bukaty, S.J.

Arnold-Burger, J.: In order to receive workers compensation benefits, a claimant must show that his or her accidental injury arose out of and in the course of employment. See K.S.A. 2010 Supp. 44-501(a). However, an accident is not considered to be arising out of and in the course of employment if it occurs while the employee is on the way to assume the duties of employment or after leaving such duties. K.S.A. 2010 Supp. 44-508(f). Roy Dean Craig was injured on his way home from a temporary work location for Val Energy, Inc. The Workers Compensation Board (the Board) determined that Craig's injury arose out of and in the course of his employment based on the fact that he was reimbursed for mileage, he was responsible for transporting his crew to and

from the job site, he would not have been hired if he did not have the capability to drive and transport his crew, and he received a per diem reimbursement. Val Energy, Inc. and Liberty Mutual Insurance Co., of America (Val Energy) appeal the Board's decision arguing that Craig was on his way home from employment and recovery is barred by the going-and-coming rule outlined at K.S.A. 2010 Supp. 44-508(f). Because the Board did not erroneously interpret the law or misapply the law to the facts, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Craig was a driller employed by Val Energy and was responsible for his own crew. Craig was required to pick up each member of his crew and drive them to the oil rig site. Craig used his personal vehicle to drive to and from each crew member's house and ultimately to the oil rig site and back home. Val Energy reimbursed Craig for the mileage.

On July 27, 2007, Craig was working for Val Energy. In the morning, Craig picked up his son, who was also part of his crew. However, because the "draw works" for the particular oil rig that Craig was working on was broken, Val Energy sent Craig and his crew to the Val Energy shop in order fix the "draw works." Val Energy still paid Craig mileage for the trips he made between his home, his crew members' houses, the shop, and back home. Working at the shop was only a temporary position. After leaving the shop, while driving home, Craig and his crew member were involved in a one vehicle automobile accident. Craig was injured.

The administrative law judge (ALJ) denied Craig's claim finding that Craig's injury did not arise out of and in the course of his employment because his injury was not covered by any of the exceptions to the going-and-coming rule found under K.S.A. 2010 Supp. 44-508(f). In addition, the ALJ indicated that because the inherent travel exception to the going-and-coming rule was judicially created and not explicitly set out in the statute, it was no longer viable after our Supreme Court's ruling in *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 214 P.3d 676 (2009). Craig filed an application for review of the ALJ's decision. The Board reversed the ALJ's decision that Craig's injury did not fall

under the inherent travel exception to the going-and-coming rule, and also determined that *Bergstrom* did not contemplate K.S.A. 2010 Supp. 44-508(f) nor did *Bergstrom* overrule any cases that applied the inherent travel exception to the going-and- coming rule.

Val Energy appeals the Board's decision.

## STANDARD OF REVIEW

The facts are not in dispute. When an appellant alleges the Board erroneously applied the law to undisputed facts, an appellate court has de novo review of the issue. *Tyler v. Goodyear Tire & Rubber Co.*, 43 Kan. App. 2d 386, 388, 224 P.3d 1197 (2010); see generally K.S.A. 2010 Supp. 77-621(c)(4) (court has authority to grant relief if agency has erroneously interpreted or applied the law).

This particular issue also requires this court to review and inter- pret K.S.A. 2010 Supp. 44-508(f). Appellate courts have unlimited review of questions involving the interpretation or construction of a statute, owing " '[n]o significant deference' " to the agency's or the Board's interpretation or construction. *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs*, 290 Kan. 446, 457, 228 P.3d 403 (2010).

## ANALYSIS

*We review the inherent travel exception to the going-and-coming rule under K.S.A. 2010 Supp. 44508(f).*

In order to receive workers compensation benefits, a claimant must show that his or her accidental injury arose out of and in the course of employment. See K.S.A. 2010 Supp. 44-501(a). However, an accident is not considered to arise out of and in the course of employment if it occurs while the employee is on the way to assume the duties of employment or after leaving such duties. K.S.A. 2010 Supp. 44-508(f). This is referred to as the going-and-coming rule.

The rationale for the going-and-coming rule is based on the premise that, "while on the way to or from work, the employee is subjected only to the same risks or hazards as those to which the general public is subjected. Therefore, such risks are not causally related to the employment. [Citation omitted.]" *Sumner v. Meier's*

*Ready Mix, Inc.*, 282 Kan. 283, 289, 144 P.3d 668 (2006). Consequently, an employee should be denied compensation if his or her injury falls within the going-and-coming rule. 282 Kan. at 289. Whether the going-and-coming rule applies is reviewed on a case-by-case basis. *Messenger v. Sage Drilling Co.*, 9 Kan. App. 2d 435, 438, 680 P.2d 556, *rev. denied* 235 Kan. 1042 (1984).

The statute goes on to list a few exceptions to the going-and-coming rule, none of which are applicable here. Compensation may be allowed if the worker is (1) on the premises of the employer; (2) on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer; or (3) is a provider of emergency services responding to an emergency. K.S.A. 2010 Supp. 44-508(f).

In addition, Kansas courts have recognized what has been described as a judicially created exception to the rule. "[W]hen the operation of a motor vehicle on the public roadways is an integral part of the employment or is inherent in the nature of the employment or is necessary to the employment, so that in his travels the employee was furthering the interests of his employer" the going-and-coming rule does not apply. *Messenger*, 9 Kan. App. 2d at 437. This has been referred to as the "inherent travel" exception.

However, referring to the concept of inherent travel as an *exception* to the going-and-coming rule is a misnomer. As Judge Leben pointed out in his concurring opinion in *Halford v. Nowak Construction Co.*, 39 Kan. App. 2d 935, 942, 186 P.3d 206, *rev. denied* 287 Kan. 765 (2008):

"[T]he exception to the 'going and coming rule' for travel that is intrinsic to the job is firmly rooted in the statutory language, even though many cases have referred to it as a judicially created exception. The statute provides that a worker is not covered 'while the employee is on the way to assume the duties of employment.' K.S.A. 44-508(f). Where travel is truly an intrinsic part of the job, the employee has already assumed the duties of employment once he or she heads out for the day's work. Thus, the employee is no longer 'on the way to assume the duties of employment'—he or she has already begun the essential tasks of the job. Such an employee is covered by the Workers Compensation Act and is not excluded from coverage by the 'going and coming rule.' " (Leben, J., concurring).

In other words, while many of the cases from our appellate courts discuss inherent travel as an *exception* to the going-and-coming rule, it appears the analysis is really whether travel has become a required part of the job such that the employee actually assumes the duties of employment from the moment he or she leaves the house and continues to fulfill the duties of employment until he or she arrives home at the end of the workday. See, *e.g.*, *Sumner*, 282 Kan. at 289; *Messenger*, 9 Kan. App. 2d at 437. In *Sumner*, our Supreme Court pointed out that when travel becomes an intrinsic part of the job it is an element of employment. 282 Kan. at 289. And in one of the most cited cases on the topic, *Messenger*, we held that because travel can be an essential part of employment since the traveling furthers the purposes of the employer, it arises out of within the scope of the employment. 9 Kan. App. 2d at 437. So there was no need to discuss the possibility of an exception because the particular facts of each case as applied to K.S.A. 2010 Supp. 44-508(f) either placed the claimant within the timeframe that he or she had already assumed the duties of employment in order to grant compensation *or* placed the claimant outside of the duties of employment so as to deny compensation. See *Estate of Soupene v. Lignitz*, 265 Kan. 217, 223-25, 960 P.2d 205 (1998); *Bell v. Allison Drilling Co.*, 175 Kan. 441, 264 P.2d 1069 (1953); *Blair v. Shaw*, 171 Kan. 524, 233 P.2d 731 (1951).

In summary, a review of the caselaw surrounding the going-and-coming rule in Kansas reveals that the inherent travel exception to the going-and-coming rule is not an exception to K.S.A. 2010 Supp. 44-508(f) at all, but a method to determine whether an employee has already assumed the duties of employment when he or she is going to or returning from work. The issue is the applicability of the going-and-coming rule based on the specific facts of the case, not whether the facts establish an exception to the rule. Although this may appear to be a distinction without a difference, it does make a difference when determining whether, as Val Energy argues, a judicially created exception to the statute has been established in contradiction of clear statutory language which is contrary to our Supreme Court's decision in *Bergstrom*, 289 Kan. 605. We find that no such judicially created exception has been adopted

inconsistent with the clear language of the statute. The determination of whether an employee has already assumed the duties of employment while going to and coming from the work location, based upon the unique facts of each case, is consistent with the clear statutory language of K.S.A. 2010 Supp. 44-508(f).

*Application of the going-and-coming rule to the facts of this case*

Val Energy asserts that the Board was incorrect when it determined that the going- and-coming rule under K.S.A. 2010 Supp. 44-508(f) did not serve as a bar to Craig's workers compensation claim. Val Energy contends that Craig was traveling home from Val Energy's shop, a fixed location, and that Craig's trip home did not involve any special work related errand.

Val Energy attempts to show the distinguishing factors between the present case and *Messenger*, but it also relies heavily on *Butera v. Fluor Daniel Constr. Corp.*, 28 Kan. App. 2d 542, 18 P.3d 278, *rev. denied* 271 Kan. 1035 (2001), both of which analyzed the going-and-coming rule. We will examine both cases.

In *Messenger*, our court looked to several factors in making its decision. The first factor was whether commuting long distances was required in the job itself. Another factor was whether the employer had a permanent work location. 9 Kan. App. 2d at 438-39. In addition, the court looked at whether the employer seeks employees who would be willing to work at " 'mobile sites,' " and whether it was customary within the company to pay the driller to drive, acquire a crew, and provide that crew with transportation. 9 Kan. App. 2d at 439. Moreover, the court focused on whether the employer and the employee procured a mutual benefit from the transportation arrangement.

Messenger was a member of an oil rig drilling crew. He was required to provide his own transportation to and from the distant drill site and the company reimbursed him for his mileage. Messenger died in an automobile accident while on his way from the drill site. In *Messenger*, our court determined that there was substantial competent evidence to support the finding that travel was an inherent part of Messenger's job. 9 Kan. App. 2d at 435-40.

In *Butera,* at first the claimant was traveling long distances to and from the nuclear power plant, his work site, and that travel was reimbursed by the company. However, at a later date, the claimant made accommodations to stay in a hotel close to his work site. The claimant's subsequent travel to and from the hotel and the power plant was not reimbursed by the company. In addition, after relocating to the hotel, the claimant was no longer traveling long distances. The court refused to grant compensation because the claimant, at the time of his injury, was at no greater risk than other commuters who were traveling to or from work; there was no benefit to the company once the claimant relocated to the hotel; and the claimant had no special purpose in his commute to and from the hotel. 28 Kan. App. 2d at 546-49.

The present case is more akin to *Messenger* rather than *Butera.* Craig was a driller who was required to obtain his own crew and to make sure that all crew members made it to the drill site as required. Before his injury, Craig was required to travel with his crew from Pratt, Kansas—his residence—to just south of Medicine Lodge, Kansas, where the drill site was located. Craig was reimbursed his mileage for his travel both to and from work, including picking up and dropping off his crew; he received a per diem reimbursement for showing up; at the end of the job he received an additional $24 per day for every crew member that showed up; and he would not have been hired if he did not have the capability to drive and transport his crew. In addition, he was the only crew member to receive mileage reimbursement, and, as crew chief, his job was to make sure a crew was present to work.

On the day of Craig's injury, and the 4 days prior to his injury, Craig was assigned to work in Great Bend, Kansas, because the oil rig required for drilling at his drill site had broken down. Craig had been required by Val Energy to work from its shop in order to get the oil rig up and running again. Craig was reimbursed for his travel from Pratt to Great Bend including mileage involved in picking up his crew. On the day of his injury, Craig picked up and transported one member of his crew to and from the shop. In addition, Craig testified that his work at the shop was only temporary until the oil rig was fixed.

It appears that the only differences between the present case and *Messenger* is that Craig, at the time of his injury, was traveling a shorter distance than usual, and, instead of traveling to and from a drill site, he was traveling to and from Val Energy's shop. The similarities seem to outweigh the differences. The similarities include: (1) Val Energy continued to reimburse Craig for his travel despite the change in work site; (2) there was no permanent work site to which Craig was traveling because as soon as the oil rig was fixed he would have returned to the drill site; (3) Craig still continued to transport at least one member of his crew to and from the shop; and (4) despite the temporary change in location, it still appeared that Val Energy and Craig received a mutual benefit from the continued transportation arrangement.

Because the present case is factually similar to *Messenger*, we find it to be persuasive. The Board did not err when it determined that the going-and-coming rule did not apply to the facts of this case.

Affirmed.