No. 79,505

DANE GRIFFIN, *Appellant*, v. DALE WILLEY PONTIAC-CADILLAC-GMC TRUCK, INC., *et al.*, *Appellees*.

(991 P.2d 406)

Opinion filed October 29, 1999.

*Judy A. Pope,* of Dickson & Pope, of Topeka, argued the cause and was on the briefs for appellant.

*Jeffery D. Slattery,* of Slattery & Rawson, P.C., of Kansas City, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

McFARLAND, C.J.: This is an appeal from the Workers Compensation Board (Board). The Court of Appeals affirmed the Board's ruling in part and reversed in part. We granted the employer's petition for review of the Court of Appeals' determination that the Board erred in finding that Dr. Brady's treatment of the claimant was not authorized.

The parties have stipulated to the following facts: (1) Dane Griffin (hereinafter claimant) was injured on or about November 23, 1992, in Douglas County, Kansas; (2) claimant's accidental injury arose out of and in the course of his employment; (3) claimant was

the employee of Dale Willey Pontiac-Cadillac-GMC Truck, Inc., (hereinafter employer) on the date of his injury; (4) claimant gave his employer timely notice of the injury; (5) claimant's injury is covered by the Kansas Workers Compensation Act; (6) the written claim was timely; (7) employer was self-insured at all material times.

The application of the correct standards of review is determinative of the narrow issue before us.

A good discussion of the standards of review in workers compensation appeals is set forth in *Gleason v. Samaritan Home*, 260 Kan. 970, 975-76, 926 P.2d 1349 (1996), and may be summarized as follows:

The 1993 amendments to the Workers Compensation Act specifically adopt the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, for workers compensation appeals. K.S.A. 1998 Supp. 44-556. The Workers Compensation Act further states that such review shall be limited to questions of law. K.S.A. 1998 Supp. 44-556(a). The determination of whether the Board's findings of fact are supported by substantial competent evidence is a question of law. In workers compensation cases, substantial evidence is evidence possessing something of substance and relevant consequence and carrying with it fitness to induce conviction that the award is proper, or furnishing a substantial basis of fact from which the issue tendered can be reasonably resolved. The substantial competent evidence test reviews the evidence in the light most favorable to the prevailing party.

Additionally, Kansas appellate courts have stated the following:

The appellate court does not reweigh the evidence or determine the credibility of witness testimony. *Guerrero v. Dold Foods, Inc.*, 22 Kan. App. 2d 53, 56, 913 P.2d 612 (1995).

The appellate court will affirm the Board's ruling absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. *Bradford v. Boeing Military Airplanes*, 22 Kan. App. 2d 868, 870, 924 P.2d 1263, *rev. denied* 261 Kan. 1084 (1996).

The Board has the power to review both questions of law and fact. The Board's determination is then appealable to the Court of

Appeals, which is limited to reviewing questions of law in accordance with the KJRA. *Nance v. Harvey County*, 263 Kan. 542, 551, 952 P.2d 411 (1997).

Summarizing, the Board reviews questions of law and fact. The appellate court reviews questions of law. Whether a decision is supported by substantial competent evidence is a question of law. The appellate court does not reweigh the evidence or determine the credibility of the witnesses.

There was conflicting evidence before the Board. In reversing the administrative law judge's award, the Board found, *inter alia*:

"Shortly after suffering the injury, claimant contacted his supervisor, Mr. Don Crow, and informed him of the accident. At that time Mr. Crow, after reviewing an employee manual, advised claimant he was authorized to seek medical treatment from the Reed Medical Group. Mr. Crow testified that he at no time authorized treatment with James T. Brady, D.C., or any other chiropractor. Mr. Crow's testimony was unwavering in that the Reed Medical Group was the required group from whom claimant could seek authorized medical treatment. Any referrals to a chiropractor would have to be made from the Reed Medical Group.

"Claimant argues that he was authorized to seek medical treatment and was given the option to either pick the Reed Medical Group or Dr. Brady. While there were several conversations between claimant and his fiancee and Mr. Crow regarding Dr. Brady, the information in the file indicates that Mr. Crow at no time authorized Dr. Brady to be claimant's treating physician. K.S.A. 1992 Supp. 44-510 requires an employer to provide the services of a health-care provider and such medical, surgical, and hospital treatment as may be necessary to cure and relieve the employee from the effects of the injury. If the services of the health-care provider furnished by the employer are not satisfactory to the employee, then K.S.A. 1992 Supp. 44-510(c) allows the employee, without application or approval, to consult a health-care provider of the employee's choice for the purposes of examination, diagnosis or treatment. A significant caveat to this employee right is the fact that the employer shall only be liable for fees and charges of the health-care provider for a total of up to $350.

"Claimant argues that respondent denied claimant medical treatment and claimant was thus forced to continue treating with Dr. Brady. This is not supported by the record. Mr. Crow made it clear that the authorization for claimant to go to Reed Medical Group was an open authorization and was, at no time, ever rescinded. Claimant's choice to go to Dr. Brady was well within his rights under the Workers Compensation Act but the liability of the respondent for the treatment provided by Dr. Brady is limited to the $350 maximum set in K.S.A. 1992 Supp. 44-510(c). As such the Appeals Board finds the treatment provided by Dr.

Brady to be unauthorized and the appropriate statutory limitations associated with said unauthorized treatment must be imposed."

The Board's findings relative to the treatment by Dr. Brady being unauthorized are supported by substantial competent evidence and, accordingly, must be affirmed. The Court of Appeals erred in holding otherwise.

By virtue of this conclusion we do not reach the issue of whether the Court of Appeals should have remanded the case to the Board for further proceedings to determine the necessity for and reasonableness of the cost of claimant's treatment by Dr. Brady.

The portion of the Court of Appeals' decision reversing the Board is reversed. The Board is affirmed.