(59 P.3d 352)

No. 87,669 ■

BETTY J. PALMER, *Appellee*, v. LINDBERG HEAT TREATING and
INSURANCE COMPANY STATE OF PENNSYLVANIA, *Appellants*.

Opinion filed August 9, 2002. ■

*Douglas C. Hobbs* and *Janell Jenkins Foster*, of Wallace, Saunders, Austin,
Brown & Enochs, Chartered, of Wichita, for appellants.

*David H. Farris*, of Hammond, Zongker & Farris, L.L.C., of Wichita, for ap-
pellee.

Before PIERRON, P.J., ELLIOTT, J., and PATRICK D. MCANANY, District Judge, assigned.

ELLIOTT, J.: Lindberg Heat Treating (Lindberg) and its workers compensation carrier appeal the Workers Compensation Board's (Board) finding that claimant Betty J. Palmer suffered a compensable injury and work disability.

We affirm.

Palmer's last day of work for the 1998 Christmas holiday ended on December 23 at 7:30 a.m. When she went to get her paycheck, it had not arrived due to the weather. And even though the plant would be closed, employees were told to either return on December 24 at 11:30 a.m. to get their checks or get the checks on December 27.

Palmer picked up her check on December 24 from her manager and then tripped over a scale as she left his office, suffering injuries.

Lindberg first claims Palmer's injury did not arise out of and in the course of her employment as required by K.S.A. 44-501(a). Since the facts regarding this issue are undisputed, the question about the "coming and going rule" as stated in K.S.A. 44-508(f) is a legal question, of which our review is unlimited. See *Chapman v. Beech Aircraft Corp.*, 258 Kan. 653, 657, 907 P.2d 828 (1995).

Lindberg claims the accident occurred outside the course of employment because its plant was not open. On December 24, the Lindberg plant was not open to the general public—it was open only to employees picking up their paychecks. Thus, the employees were exposed to a risk greater than the general public.

Since Palmer was present on the premises of her employer, the risks to which she was subjected had a causal connection to the employment. See *Thompson v. Law Offices of Alan Joseph*, 256 Kan. 36, 46, 883 P.2d 768 (1994). Further, the only reason for Lindberg to be partially open was a part of Lindberg's employment relationship with its employees: the payment of due wages. See K.S.A. 44-314(a).

It is simply illogical to allow Lindberg to escape workers compensation liability merely because Palmer chose to accept the offer authorizing her to pick up her paycheck on a day the plant was closed to the public.

Lindberg also claims substantial competent evidence does not exist to support the Board's finding that Palmer suffered a work disability. Instead, Lindberg claims Palmer is entitled to compensation only for a left shoulder injury as listed in K.S.A. 44-510d.

Whether the Board's factual findings are supported by substantial competent evidence is a question of law, and we review the evidence in the light most favorable to the party prevailing before the Board. *Griffin v. Dale Willey Pontiac-Cadillac-GMC Truck, Inc.*, 268 Kan. 33, 34-35, 991 P.2d 406 (1999); see also K.S.A. 44-510e(a).

The opinions stated by the various doctors were conflicting. In effect, Lindberg is asking us to reweigh the evidence and evaluate the credibility of the witnesses. This we cannot do. *Griffin*, 268 Kan. at 34.

Lindberg next argues Palmer is not entitled to 100% wage loss after May 4, 2000, claiming the Board erred by not imputing the wage Palmer is capable of earning within her work restrictions. See *Cooper v. Mid-America Dairymen*, 25 Kan. 2d 78, 82, 957 P.2d 1120, *rev. denied* 265 Kan. 884 (1998); *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 285-86, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

Here, the Board acknowledged that, based on *Foulk*, it had to determine whether Palmer made a good faith effort to find appropriate employment. It noted Palmer left Dillons because she believed the motel job was a better opportunity and less physically demanding; the Board then stated it could not conclude Palmer acted in bad faith by leaving Dillons. It then stated Lindberg could seek to review the award should Palmer obtain another job.

Lindberg claims the Board erred in not making a finding as to Palmer's present good faith efforts after leaving Dillons and the motel.

Palmer left Dillons in late April and worked at the motel for 4½ days. Her last day at the motel was the same day as the date of the regular hearing, May 4, 2000. Before the regular hearing, she had already inquired about employment with three businesses. That was the only evidence concerning Palmer's good faith efforts to obtain appropriate employment.

The depositions of the doctors, the vocational experts, and Dillons' payroll manager were all scheduled *after* the regular hearing. Palmer was not later deposed to update her employment search.

If Lindberg contested Palmer's continuing good faith efforts to find appropriate employment, it had the burden of proof as that term is defined by K.S.A. 44-508(g). Simply put, Lindberg should have later deposed Palmer if it disputed her continuing efforts to find appropriate employment.

The Board did not err in determining Palmer was entitled to work disability at the rate of 57% after May 4, 2000.

Affirmed.