(97 P.3d 1069)
Nos. 91,342
91,343

TERRY MINER, *Appellant*, v. CX TRANSPORTATION, RELIANCE NATIONAL INDEMNITY COMPANY, and KANSAS WORKERS COMPENSATION FUND, *Appellees*. J.L. FLOYD TRIM, *Appellant*, v. CX TRANSPORTATION, RELIANCE NATIONAL INDEMNITY COMPANY, and KANSAS WORKERS COMPENSATION FUND, *Appellees*.

Opinion filed September 24, 2004.

*Carlton W. Kennard* and *Timothy A. Short*, of Short & Kennard, of Pittsburg, for appellants.

*E.L. Lee Kinch*, of Wichita, for appellee Workers Compensation Fund.

No appearance by appellees CX Transportation and Reliance National Indemnity Company.

Before MARQUARDT, P.J., HILL and McANANY, JJ.

MARQUARDT, J.: Terry Miner and Floyd Trim appeal the Workers Compensation Board's (Board) ruling that it did not have jurisdiction to hear their claims. We affirm.

The underlying facts here are not in dispute. In August 1999, Miner was injured while driving a truck in the course of his em-

ployment. He filed his application for hearing with the Division of Workers Compensation (Division of WC) in October 1999. J.L. Floyd Trim was injured in August 1997, also while driving a truck in the course of his employment. He filed his application for hearing in October 1998.

In November 2000, TIC United Corp. (TIC), the parent company to CX Transportation (CX), filed a petition for Chapter 11 bankruptcy. The bankruptcy court issued a mandatory alternative dispute resolution (ADR) procedure for all damage claims. An individual having a damage claim against TIC, including workers compensation claims, was required to submit notice of loss and participate in the mediation process. Neither Miner nor Trim completed the ADR process.

The bankruptcy court granted an injunction, which enjoined any party from "continuing in any form or fashion" against TIC until the ADR procedure was complete. In November 2000, the Division of WC was notified that the bankruptcy proceeding would stay the claims of Miner and Trim, subject to 11 U.S.C. § 362 (2000).

Trim and Miner filed notices that they were impleading the Kansas Workers Compensation Fund (Fund). The Fund entered its appearance in both cases.

Miner and Trim had regular workers compensation hearings, at which counsel for both CX and the Fund argued that due to the bankruptcy stay, the Division of WC did not have jurisdiction to consider the merits of the claims. The administrative law judge (ALJ) in both cases agreed. Miner and Trim filed applications for review with the Board. The Board upheld the ALJ awards, finding that the Division of WC did not have jurisdiction to enter an award for either claimant. Miner and Trim timely appeal.

Miner and Trim claim that K.S.A. 44-532a states the Fund is liable if an employer is unable to pay a workers compensation claim. They claim that forcing them to go through the bankruptcy process contravenes the intent of the workers compensation statutes.

The Board has authority to review an ALJ's decision for questions of law and fact. The Board's decision is appealable to this court, where review is limited to questions of law. *Griffin v. Dale*

*Willey Pontiac-Cadillac-GMC Truck, Inc.*, 268 Kan. 33, 34-35, 991 P.2d 406 (1999). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

K.S.A. 44-532a establishes the liability of the Fund in cases where the employer is financially unable to pay compensation to an injured worker. Under the old workers compensation code, the Fund's liability was solely derivative, meaning that no direct action against the Fund could be brought by an employee. *Arduser v. Daniel International Corp.*, 7 Kan. App. 2d 225, 231-32, 640 P.2d 329, *rev. denied* 231 Kan. 799 (1982). However, the question of direct Fund liability has not been addressed since 1993.

The language of K.S.A. 44-532a makes "financially unable to pay" a prerequisite of Fund liability. In this case, there is no evidence that CX was unable to pay Miner's and Trim's claims. Rather, Miner, Trim, and any other damaged party must proceed through the bankruptcy process before receiving compensation.

The bankruptcy court records indicate that injured parties who participate in the ADR process will receive an offer from the trustee. The trustee's options ranged from denial of the claim through full payment of the claim. We cannot evaluate CX's ability to pay these claims because Miner and Trim did not complete the ADR process.

We understand that Miner and Trim must be frustrated by their inability to seek direct compensation from CX. However, it is undisputed that only the bankruptcy court has jurisdiction over CX. K.S.A. 44-532a does not allow an injured worker to proceed directly against the Fund. Accordingly, we find that the Board did not err by finding that it lacked jurisdiction to hear these claims.

Affirmed.