(124 P.3d 87)
No. 94,149

CHAD D. RIDNOUR, *Claimant/Appellee*, v. KENNETH R. JOHNSON, INC., *Respondent/Appellant*, and GENERAL CASUALTY, *Insurance Carrier/Appellant*.

Opinion filed December 16, 2005.

*Timothy G. Lutz* and *James L. MowBray*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for appellants.

*J. Scott Gordon* and *Kim J. Poirier*, of McCormick, Adam & Long, P.A., of Overland Park, for appellee.

Before BUSER, P.J., CAPLINGER, J., and KNUDSON, S.J.

KNUDSON, J.: The respondent, Kenneth R. Johnson, Inc., and its insurance carrier, General Casualty (hereinafter collectively "Johnson"), appeal from the final order of Kansas Workers Compensation Board (Board), contending the injuries of Chad D. Ridnour, claimant, did not arise out of and in the course of his employment. Respondent challenges the sufficiency of the evidence to support the Board's findings and its construction of K.S.A. 2004 Supp. 44-508(f).

The following question is raised on appeal: (1) Does the "going and coming" rule codified in K.S.A. 2004 Supp. 44-508(f) preclude an award of benefits to the claimant? The answer is "no," and the Board's order is affirmed.

*The Underlying Circumstances*

On August 15, 2001, Ridnour was injured in a traffic accident. At the time, Johnson employed Ridnour as an operations and warehouse manager. He was responsible for supervising a five-man crew at the Kansas City warehouse. He was also responsible for setting up operations and training employees at alternative locations in Texas, North Carolina, and California. Additionally, he worked outside the warehouse originating sales.

The morning of the accident, Ridnour had arranged for his crew to begin work at the warehouse at 7 a.m., an hour earlier than usual. He arrived at the warehouse at approximately 6:45 a.m.,

where members of his crew were waiting for him to let them into the warehouse. When he attempted to open the doors of the warehouse he realized he had left his keys at home. Although other employees with keys to the warehouse were likely to arrive within an hour, Ridnour decided to run home and get his keys because his crew members were hourly employees and were being paid even though they could not get into the warehouse. Ridnour left the warehouse, drove to his house, and retrieved the appropriate keys. On his way back to the warehouse, he was struck by another vehicle.

The administrative law judge (ALJ) concluded the going and coming rule did not exclude Ridnour from receiving an award. The ALJ specifically found that Ridnour "was not on his way to assume the duties of his employment, rather [he] had arrived at his duty station and departed on an errand on [his employer's] behalf to secure keys to unlock the building."

The Board agreed with the ALJ, concluding that the going and coming rule did not exclude Ridnour from an award. The Board found "[t]he sole purpose of [Ridnour's] trip was a business errand and it is conceded [Ridnour] had authority to run such errands."

## Standard Of Review

An appellate court's review of a decision from the Board is governed by the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* Under K.S.A. 77-621, appellate review is explicitly limited to questions of law. Under the issues presented by appellant, our review of the Board's decision is limited to determining whether: (1) the Board has erroneously interpreted or applied the law; (2) the Board's actions were based on facts not supported by substantial evidence; (3) the Board's action were otherwise unreasonable, arbitrary, or capricious. See K.S.A. 77-621(c)(4), (7), (8).

Although the interpretation of statutory provisions in the Workers Compensation Act (Act) is a question of law subject to de novo review, an appellate court will still employ the doctrine of operative construction. Under this doctrine, the Board's interpretation of the law is entitled to judicial deference, and if there is a rational basis

for the Board's interpretation, it should be upheld upon judicial review. However, the Board's determination on questions of law is not conclusive and, though persuasive, is not binding on the court. Moreover, the party challenging the Board's interpretation bears the burden of proving its invalidity. *Foos v. Terminix*, 277 Kan. 687, 692-93, 89 P.3d 546 (2004).

*Discussion*

An employer is liable to pay compensation to an employee for an injury "arising out of" and "in the course of employment." K.S.A. 44-501(a); *Kindel*, 258 Kan. 272, Syl. ¶ 2. However, according to K.S.A. 2004 Supp. 44-508(f), an injury suffered by an employee while on the way to assume work duties is not an injury arising out of and in the course of employment. This is known as the "going and coming rule." See *Brobst v. Brighton Place North*, 24 Kan. App. 2d 766, 773, 955 P.2d 1315 (1997).

Kansas case law has recognized several exceptions to the going and coming rule. One such exception provides that "injuries incurred while going and coming from places where work-related tasks occur can be compensable where the traveling is . . . required in order to complete some special work-related errand or special-purpose trip in the scope of the employment." *Brobst*, 24 Kan. App. 2d at 774.

In the present case, the Board found Ridnour's injuries were compensable under this exception. Specifically, the Board found that "[t]he sole purpose of [Ridnour's] trip was a business errand and it is conceded [Ridnour] had authority to run such errands." The Board, therefore, found his injuries arose out of and in the course of his employment.

The appellants argue the Board ignored facts relevant to Ridnour's return to home and events that occurred before the date of the accident. The appellants draw attention to Ridnour's love of riding his motorcycle and a recent rally he attended in Sturgis, South Dakota. The appellants noted Ridnour had requested to leave work early the day before the accident because he still had Sturgis on his mind and wanted to take a ride on his motorcycle to get his head on straight. The appellants suggest Ridnour's com-

ing to work without his keys gave him a non-work-related excuse to ride his motorcycle.

This argument is not persuasive on appeal. The issue on appeal is whether there is substantial competent evidence to support the Board's findings, not whether there exists other evidence that might have persuaded the factfinder to a contrary conclusion. Moreover, Johnson is attacking the credibility of witnesses. Under the KJRA, the appellate court does not reweigh the credibility of witnesses. *Webber v. Automotive Controls Corp.*, 272 Kan. 700, 703, 35 P.3d 788 (2001).

Johnson further argues the Board ignored the fact Ridnour had never arrived at work before he decided to return home for his keys. Thus, under the going and coming rule, his injury is not compensable. The difficulty with Johnson's assertion on appeal is that the Board made contrary findings based on credible competent evidence. The Board specifically found:

"[Ridnour] arrived at the work site and discovered that he had forgotten to bring the keys necessary to get into the building and begin work. It is undisputed [Ridnour] had the authority to run business errands or send his employees on such errands. Because his crew had arrived early and were being paid [Ridnour] felt it was his duty to get the keys so he could get his crew into the building to work. The only reason [Ridnour] returned home was to get the keys to the building so he could open it for his crew that had arrived at work early that day. The sole purpose of the trip was clearly a business errand."

In support of the argument Ridnour had never arrived at work when the accident occurred, Johnson cites *Chapman v. Victory Sand & Stone Co.*, 197 Kan. 377, 381-82, 416 P.2d 754 (1966); *Tate v. City of Junction City*, 32 Kan. App. 2d 832, 841, 90 P.3d 359 (2004); and *Munoz v. Stormont Vail Regional Medical Center*, Workers Compensation Board docket number 234,757 (2000).

In *Chapman*, an employee was killed just outside the entrance of the gravel plant where he worked as a truck driver. The employee was on his way to work in his own automobile on a public road when a train struck his automobile. The employee's estate contended that the plant was liable under the Act because the plant had dominion and control over the access road and railroad crossing where the employee was killed. The Supreme Court up-

held the district court's conclusion that the employee's injuries were not compensable under the Act, determining the employee had died on a public road over which the plant did not exercise control. The Supreme Court concluded the employee was not under his employer's control, but still on his way to assume his duties; therefore the going and coming rule applied. 197 Kan. at 381-82.

Johnson contends *Chapman* applies because in *Chapman* the court held "an employee is not deemed to have 'arrived' at work merely because he enters the proximity of the workplace." Johnson explains: "In *Chapman*, the Claimant was *on his way to assume the duties of his employment* when he met his death, just as [Ridnour] was on his way to assume his duties here when he had the accident."

However, the facts and issues at the center of *Chapman* and the present case are distinct. Although the *Chapman* court addressed the issue of whether the going and coming rule applied, it was not concerned with whether the special work-related errand or special-purpose trip exception applied. Instead, the court found that the claimant in *Chapman* was not entitled to an award because his employer did not exhibit control over him, based on his physical location. The court did not address the business errand exception in *Chapman*. Furthermore, as the Board noted, Ridnour was authorized to conduct business errands outside the proximity of the warehouse.

In *Tate*, the court upheld the Board's decision that the employee's injuries were not compensable under the going and coming rule. There, the court found the emergency services exception did not entitle the employee to benefits. The court also rejected the exception applicable to an injury occurring during travel that is a substantial part of the service. 32 Kan. App. 2d at 841; see *Estate of Soupene v. Lignitz*, 265 Kan. 217, 225, 960 P.2d 205 (1998) (finding a volunteer firefighter who has no set hours of employment, but is instead on call, assumes his duties when he receives an emergency call and begins to respond).

In *Tate*, the employee was a city worker who was killed in a single-car accident on his way to voluntarily work overtime for the city as a snowplow operator. The Board determined expectations

and duties of emergency service workers are distinct from those of a city employee who volunteers to work overtime. As such, the Board found the emergency service exception to the going and coming rule did not apply. Furthermore, this court found there was substantial competent evidence to support the Board's findings and "these findings were sufficient to conclude [the employee's] death did not come within the *Soupene* exception." 32 Kan. App. 2d at 841.

Johnson argues the holding in *Tate* is applicable because Ridnour was acting as a volunteer; he unilaterally decided to return home for the keys. Johnson's argument overlooks the findings of the Board and the distinguishing circumstances in *Tate*. In *Tate*, the court focused on the nature of the city employee's employment and whether his duties as a snowplow operator fit within the emergency services exception or required an urgent response. 32 Kan. App. 2d at 839, 841. Unlike the present case, the *Tate* court did not address the validity of the business errand exception, which focuses on the purpose served by an employee's errand or trip.

Finally, *Munoz* is inapplicable. First, *Munoz* is not an appellate decision. It is an unpublished decision from the Board, which has no binding effect on this court. See *Taco Bell v. City of Mission*, 234 Kan. 879, 892, 678 P.2d 133 (1984) ("An unpublished decision of a district court has no binding effect on this action except for its persuasive value."). Furthermore, it is factually distinguishable because, unlike this case, the Board found the employee "was engaged in personal endeavors and was not performing duties in furtherance of respondent's business activities." *Munoz*, docket number 234,757.

Johnson next argues Ridnour could not have been on a business errand because he was not directed to return home to retrieve the keys. Johnson presented evidence that other employees would have arrived with keys to unlock the door and the company received no benefit as a result of Ridnour leaving the plant and returning home to obtain keys.

However, the Board explained why it was irrelevant whether Ridnour's supervisor would have instructed him to retrieve the keys or wait for another worker with keys to arrive. The Board found

Ridnour was operating under the assumption that he should get the workers into the warehouse as soon as possible since they were already getting paid. The Board stated: "The sole purpose of [Ridnour's] trip was a business errand and it is conceded [Ridnour] had authority to run such errands." The Board concluded Ridnour's injuries "arose out of and in the course of his employment." We agree. As stated in *Brobst*, the issue is whether the traveling is either (a) intrinsic to the profession or (b) required in order to complete some special work-related errand or special-purpose trip in the scope of employment. 24 Kan. App. 2d at 774. Here, regardless of how ill-advised the trip may have been, Ridnour returned home to retrieve the keys, get the warehouse opened, and get the men to work who were already on the clock. That such action was within the scope of his authority is supported by the Board's findings.

Johnson next redirects his legal argument to whether the Board correctly interpreted K.S.A. 2004 Supp. 44-508(f). Johnson contends 44-508(f) requires that for a trip to constitute a business errand it must be expressly employer-directed, citing *Tompkins v. Rinner Construction Co.*, 194 Kan. 278, 284-85, 398 P.2d 578 (1965); *Repstine v. Hudson Oil Co.*, 155 Kan. 486, 488, 126 P.2d 225 (1942); and *Woodring v. United Sash & Door Co.*, 152 Kan. 413, 418, 103 P.2d 837 (1940). We have considered the holdings in each of the cited cases and find no support for Johnson's argument. Moreover, the argument ignores the Board's findings that the sole purpose of Ridnour's trip was a business errand and the employer's acknowledgment he had the authority to run similar errands.

*Conclusion*

We hold there is substantial competent evidence to support the Board's findings that Ridnour was on a business errand when the accident occurred and that his resulting injuries are compensable under the Act. We further hold the Board's interpretation of K.S.A. 2004 Supp. 44-508(f) is consistent with *Brobst* and entitled to deference.

Affirmed.