(152 P.3d 1270)
No. 96,548

ALEJANDRO MENDOZA, *Appellant*, v. DCS SANITATION and
ZURICH U.S. INSURANCE COMPANY, *Appellees*.

Opinion filed March 9, 2007.

*Stanley R. Ausemus*, of Stanley R. Ausemus, Chartered, of Emporia, for appellant.

*Richard L. Friedeman*, of Watkins Calcara, Chtd., of Great Bend, for appellee.

Before RULON, C.J., GREENE and McANANY, JJ.

GREENE, J.: Alejandro Mendoza appeals the decision of the Workers Compensation Board (Board) that found his injury did not arise out of and in the course of his employment with DCS Sanitation when he fell outside the offices of his employer where he had been directed to pick up his paycheck for work at another location. He argues the Board should have applied the recognized exception to the going and coming rule for a task that was necessary to his employment and that furthered the interests of his employer, so that his injury in his travels in connection with that task should have been compensable. We agree with Mendoza, reverse the Board's decision, and remand with directions.

## *Factual and Procedural Overview*

Alejandro Mendoza worked for DCS Sanitation (DCS) at the National Beef Packing Company in Liberal, Kansas. Mendoza did not receive his paycheck at the packing plant, however, but was directed to pick it up at a separate office of DCS each Thursday or Friday. Mendoza was apparently offered no alternative means of being paid, such as direct deposit or otherwise.

On December 5, 2002, snow and ice covered the ground when Mendoza drove to the DCS office to pick up his paycheck. When he arrived at the office, he parked in the lot adjacent to the building. Yolanda Zavala, another employee of DCS, also parked in the lot and was delivering the paychecks to the DCS office. She asked

Mendoza to help her carry a briefcase because she had three other bags to carry. He agreed, and upon almost reaching the DCS office, he slipped, fell, and broke his right ankle.

Ultimately, Mendoza had two operations on his ankle. Although he received checks for the first month he missed work, he has not received any other benefits or compensation from DCS. He now owes $3,705.11 for a medical bill, an outpatient bill of $176.85, and an unpaid prescription bill of $28.36. In preparation for his workers compensation claim, two doctors examined Mendoza's ankle. On September 30, 2004, Dr. Pedro A. Murati examined Mendoza. He testified that Mendoza suffered a 15% permanent partial impairment to his right ankle. On August 2, 2005, Dr. C. Reiff Brown examined Mendoza. He determined that Mendoza suffered an 11% permanent partial impairment to the ankle.

On October 28, 2003, an administrative law judge ruled Mendoza's injury arose out of and in the course of his employment and ordered DCS and its insurer, Zurich U.S. Insurance Company, to pay his medical bills until "further order or until certified as having reached maximum medical improvement." DCS and Zurich appealed this decision to the Board. On December 30, 2003, one member of the Board reversed the judge's decision and held that Mendoza's injury was not compensable.

On an appeal to the five-member Board, the initial ruling was upheld and Mendoza was denied workers compensation benefits. The Board expressly found that DCS "directed its employees to come to its business office to pick up their paychecks" and that this procedure "benefitted respondent." It denied compensability, however, because Mendoza's travel did not "comprise a business mission or errand." Two Board members dissented, stating in part that DCS directly benefitted from the practice of paycheck pick up and "this transformed claimant's travel to a business errand." Mendoza appeals.

### Standard of Review

The Workers Compensation Act specifically adopts the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.*, for workers compensations cases. K.S.A.

2006 Supp. 44-556(a). The appellate court's review of the Board's decision "shall be upon questions of law." K.S.A. 2006 Supp. 44-556(a). The interpretation of K.S.A. 2006 Supp. 44-508(f)—containing the going and coming rule and its exceptions—is a question of law subject to de novo review. Although the Board's interpretation of the statute is persuasive, it is not binding on the courts. *Foos v. Terminix*, 277 Kan. 687, 692-93, 89 P.3d 546 (2004).

To the extent the Board has based its action on a determination of fact, whether implied or contained in findings of fact, we must determine whether such fact is supported by evidence that is substantial when viewed in light of the record as a whole. K.S.A. 77-621(c)(7). To the extent that the ultimate issue here is whether an accident arises out of and in the course of employment entitling Mendoza to compensation, this is a question of fact. See *Titterington v. Brooke Insurance*, 277 Kan. 888, 894, 89 P.3d 643 (2004).

### *Did the Board Err in Its Application of the Going and Coming Rule and Its Recognized Exceptions to Deny Benefits to Mendoza?*

The Kansas Workers Compensation Act provides compensation for injuries to an employee which arise "out of and in the course of employment." K.S.A. 2006 Supp. 44-501(a). Whether an accident arises out of and in the course of employment depends on the facts peculiar to each case. *Newman v. Bennett*, 212 Kan. 562, Syl. ¶ 3, 512 P.2d 497 (1993).

Generally, an injury suffered when an employee travels to and from work does not arise out of and in the course of employment. K.S.A. 2006 Supp. 44-508(f). "The rationale for the 'going and coming' rule is that while on the way to or from work the employee is subjected only to the same risks or hazards as those to which the general public is subjected. Thus, those risks are not causally related to the employment. [Citations omitted.]" *Thompson v. Law Offices of Alan Joseph*, 256 Kan. 36, 46, 883 P.2d 768 (1994).

Our appellate courts have historically recognized a major exception to the going and coming rule. Where the going and coming of an employee is "actually contemplated by the employment itself," an injury occurring during the undertaking is compensable under

the Workers Compensation Act. *Blair v. Shaw*, 171 Kan. 524, 528, 233 P.2d 731 (1951) (entire trip by mechanics for annual certification test was integral to employment, causing deaths during trip to be compensable); see cases of likekind, although factually dissimilar, collected at 171 Kan. at 528.

As most often quoted, our court articulated this exception in *Messenger v. Sage Drilling Co.*, 9 Kan. App. 2d 435, Syl. ¶ 2, 680 P.2d 556, *rev. denied* 235 Kan. 1042 (1984) (compensable injury when oil field employee killed in truck accident on the way home from distant drill site), as follows:

> "One very basic exception to the 'going and coming' rule applies when the operation of a motor vehicle on the public roadways is an integral part of the employment or is inherent in the nature of the employment or is necessary to the employment, so that in his travels, the employee was furthering the interests of his employer."

The exception has been referred to as the "work-related errand" or "special purpose trip" exception because we have held that injuries incurred while going and coming from places where work-related tasks occur can be compensable where the traveling is required in order to complete some special work-related errand or special purpose trip in the scope of the employment. See, *e.g.*, *Ridnour v. Kenneth R. Johnson, Inc.*, 34 Kan. App. 2d 720, Syl. ¶ 5, 124 P.3d 87 (2005), *rev. denied* 281 Kan. 1378 (2006) (injury to a worker driving home in order to pick up keys so he could let his coworkers into a worksite was compensable); *Brobst v. Brighton Place North*, 24 Kan. App. 2d 766, 774-75, 955 P.2d 1315 (1997) (injury sustained in parking lot after attending a continuing education seminar was compensable).

As emphasized by our court in both *Blair* and *Brobst*, the exception extends to the normal risks involved in completing the task or travel, and the required perspective is to view the task or trip as unitary or indivisible, meaning an injury during any aspect thereof is compensable. See *Blair*, 171 Kan. at 529; *Brobst*, 24 Kan. App. 2d at 775. As long as the employee's trip or task "is an integral or necessary part of the employment," this exception applies to assure compensability for an injury suffered during any portion of such trip or task. See *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272,

277, 899 P.2d 1058 (1995) (injury to a worker was compensable where he drove a great distance to a construction site and then spent numerous hours drinking at a strip club before returning home and being injured in route); *Angleton v. Starkan, Inc.*, 250 Kan. 711, 828 P.2d 933 (1992) (truck driver sustained compensable injury where shot and killed during a hijacking of his truck while hauling load of cattle for employer).

DCS acknowledges the *Messenger* exception to the going and coming rule but argues that "it cannot be said that what [Mendoza] was doing in the instant case was an integral part or necessary to his employment." We find this a curious argument; when an employer directs an employee to pick up his or her paycheck at a location separate and apart from the place of employment, should this be characterized as unrelated or unnecessary to the employment? We think not.

In Kansas, employers are required by statute to pay wages, and the frequency of payment, the nature of payment, and the place of payment are restricted by law for the benefit of employees. See K.S.A. 44-314; see also *Palmer v. Lindberg Heat Treating*, 31 Kan. App. 2d 1, 2, 59 P.3d 352 (2002) (picking up paycheck was part of employment relationship of employees with employer). The "business" of employment in this state necessarily includes the payment of wages to employees. Where the employer has directed employees to pick up paychecks at a location separate and apart from the workplace; the employee's trip to do so is a business mission or work-related errand that is integral to the employment. Mendoza's trip to DCS' office for this purpose fell squarely within the recognized work-related errand exception to the going and coming rule, and his injury sustained during this trip was fully compensable as a matter of law. This holding is consistent with the Board's finding that the paycheck pick-up directive "benefitted" the employer, but the Board erred in denying Mendoza application of the recognized exception.

Mendoza urges other grounds to support the compensability of his injury, but our conclusion above renders these arguments moot.

Reversed and remanded for further proceedings not inconsistent with this opinion.