(186 P.3d 206)
No. 98,258

KENNETH HALFORD, Deceased, *Appellee*, v. NOWAK CONSTRUCTION COMPANY and ST. PAUL FIRE & MARINE INS. CO., *Appellants*.

Opinion filed June 20, 2008.

*Vincent A. Burnett* and *Jennifer M. Hill*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellants.

*Russell Todd King*, of Accident Recovery Team, P.A., of Wichita, for appellee.

Before LEBEN, P.J., MALONE and GREENE, JJ.

GREENE, J.: In this workers compensation appeal, the employer and its insurer, Nowak Construction Company and St. Paul Fire & Marine Insurance Company respectively, appeal a decision of the Kansas Workers Compensation Appeals Board (the Board) awarding compensation to the survivor of Nowak's employee, Kenneth Halford, after the employee was killed in a truck accident. The appeal requires that we construe and apply the "going and coming rule" reflected in K.S.A. 44-508(f), together with its statutory and judicially created exceptions. We conclude that the Board properly applied the exception for travel that is an intrinsic part of the job, which results in compensability for Halford's accident, despite the employer's argument that Halford should be denied benefits for an accident occurring as he traveled generally from his home to his place of employment.

### Factual and Procedural Background

Halford was employed by Nowak as a water and sewer foreman for its road construction business. He drove his specially equipped company truck to various job sites, where heavy equipment could be refueled from his truck's bed-mounted fuel tank. On the morning of his death, Halford was driving from his home in Reno County to pick up his "lead man," Doug Benson, before stopping by the Nowak "yard" in Goddard to pick up supplies for its current

job site, also in Goddard. Before reaching the home of Benson, Halford's truck drifted off the side of the road, flipped, and rolled, resulting in Halford's death. Halford was survived by his son Kenneth Halford, who made application for workers compensation benefits.

The administrative law judge concluded Halford was on his way to assume the duties of employment when the accident occurred, and applied the "going and coming rule" of K.S.A. 44-508(f) to deny benefits. On appeal, the Board reversed the ALJ, concluding:

"[Halford's] travel was, indeed, an inherent part of claimant's job as a foreman for respondent's construction business. Respondent provided claimant with a vehicle that not only transported himself to and from the job site and the company shop, but also tools and fuel for equipment, all used on the construction site(s). Although the ALJ believed there was no 'evidence that the vehicle was provided to [c]laimant for that purpose,' the majority finds that the law does not require an admission or express declaration of the vehicle's purpose in order for the inherent travel exception to apply.

"The majority makes this finding not based solely upon the provision of a vehicle, which was used to transport claimant and, at times, a co-worker to the job sites, but that the truck also was equipped with other items that were used in furtherance of respondent's construction business. And the greater weight of the evidence indicates that claimant proceeded directly to the construction site each day and did not, routinely, report to the company shop each day before reporting to the construction site. Based on these facts, the majority finds that travel was part and parcel of claimant's job as a construction foreman."

Two members of the Board dissented, seeing "no distinction between this scenario and the penumbra of risks to which every other employee might be exposed on their daily commute."

Nowak and St. Paul appeal.

### Standards of Review

The Workers Compensation Act specifically adopts the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.*, for workers compensation cases. K.S.A. 2007 Supp. 44-556(a). The appellate court's review of the Board's decision "shall be upon questions of law." K.S.A. 2007 Supp. 44-556(a). The interpretation of K.S.A. 2007 Supp. 44-508(f)—containing the going and coming rule and its exceptions—is a question

of law subject to de novo review. Although the Board's interpretation of the statute is persuasive, it is not binding on the courts. *Foos v. Terminix*, 277 Kan. 687, 692-93, 89 P.3d 546 (2004).

To the extent the Board has based its action on a determination of fact, whether implied or contained in its written findings of fact, we must determine whether such fact is supported by evidence that is substantial when viewed in light of the record as a whole. K.S.A. 77-621(c)(7). To the extent that the ultimate issue here is whether an accident arises out of and in the course of employment, entitling Halford to compensation, this is a question of fact. See *Titterington v. Brooke Insurance*, 277 Kan. 888, 894, 89 P.3d 643 (2004).

### Did the Board Err in Determining that the "Going and Coming Rule" of K.S.A. 44-508(f) Should Not Be Applied to Deny Benefits?

A workers compensation claimant has the burden of proving the conditions on which the claim is based. One such condition is the requirement that the claimant show that he or she suffered a "personal injury by accident arising out of and in the course of employment." K.S.A. 2007 Supp. 44-501(a); *Sumner v. Meier's Ready Mix, Inc.*, 282 Kan. 283, 288, 144 P.3d 668 (2006).

The "going and coming rule" excludes certain injuries from falling within the scope of "out of and in the course of employment." 282 Kan. at 288-89. The rule is codified in K.S.A. 2007 Supp. 44-508(f), which states, in relevant part:

"The words 'arising out of and in the course of employment' as used in the workers compensation act shall not be construed to include injuries to the employee occurring while the employee is on the way to assume the duties of employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence. An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer or on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer. An employee shall not be construed as being on the way to assume the duties of employment, if the employee is a provider of emergency services responding to an emergency."

The "going and coming rule" denies compensation for an injury

that occurs during an employee's commute to and from work, under the premise that, during the commute, the employee is exposed only to the same risks or hazards as the general public encounters, so that such risks are not causally related to the employment. *Sumner*, 282 Kan. at 289.

Consistent with this rationale, certain exceptions to the application of the "going and coming rule" have been established in Kansas statutes and case law. 282 Kan. at 289. As seen in the language of the statute quoted above, there is an exception for employees who must take a particular route to work that presents special risk and is only used by the public in dealings with the employer. The statute also prevents application of the rule to emergency personnel who are in the course of responding to an emergency. K.S.A. 2007 Supp. 44-508(f).

Kansas courts have recognized another exception to the "going and coming rule" when travel is an "intrinsic part of the job," or is "required in order to complete some special work-related errand or special-purpose trip." *Sumner*, 282 Kan. at 289; *Butera v. Fluor Daniel Constr. Corp.*, 28 Kan. App. 2d 542, 546, 18 P.3d 278, *rev. denied* 271 Kan. 1035 (2001). Two of the clearest applications of this exception to the "going and coming rule" have involved, in one case, a traveling salesman whose employment required him to travel from account to account within an area, and, in another case, an oil driller who had to drive while assembling his crew. See *Kennedy v. Hull & Dillon Packing Co.*, 130 Kan. 191, 195, 285 Pac. 536 (1930); *Messenger v. Sage Drilling Co.*, 9 Kan. App. 2d 435, 438, 680 P.2d 556, *rev. denied* 235 Kan. 1042 (1984).

The parties agree that the issue in this case centers on the application of this judicially created exception to the "going and coming rule." "[T]he question of whether the 'going and coming' rule applies must be addressed on a case-by-case basis." *Messenger*, 9 Kan. App. 2d at 438.

Nowak and St. Paul argue the Board should have applied the "going and coming rule" here, and that it erred in emphasizing the use of a company vehicle, carpooling arrangements with a coworker, and the planned stop at the "yard." They argue that our

appellate case law has rejected compensability under very similar circumstances.

Should use of a company vehicle be a factor in determining the proper application of the rule here? In *Messenger*, the employee was driving his own vehicle as part of an oil field drilling crew, where it was customary in the industry for the employer to pay for transportation of the crew. Critical to compensability of the accident in *Messenger* was that the employee had no fixed work site, was expected to drive great distances to and from drilling sites, and was reimbursed for the travel. Here, there was no evidence Halford was paid for his time of traveling, but, as in *Messenger*, Halford was expected to travel considerable distances from his home to job sites. Although Nowak and St. Paul suggest that the distances were not as great as those reported in *Messenger*, we take judicial notice that a commute between Arlington and Goddard, Kansas, is a considerable distance (approximately 50 miles). Moreover, the Board also relied on the fact that the company truck provided to Halford was equipped with special tool boxes and fuel tanks for whatever tools and fuel that might be needed at a job site. Although Halford had a single job site for the day in question and perhaps beyond, the record shows that various job sites were expected to be served from time to time by Halford. We conclude that the use of a company vehicle, specially equipped for the work to be performed, is an appropriate factor to be considered in determining whether travel in that vehicle is an intrinsic part of the employment, and the Board did not err in its consideration of this fact.

The Board also relied on *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 899 P.2d 1058 (1995), where the Supreme Court endorsed compensability for an accident in a company truck that had been checked out by the claimant's supervisor to transport the claimant and other employees to and from the job site. The court determined that the critical facts were that claimant was expected to live out of town during the work weeks and be transported to and from the remote job site in a company vehicle driven by a supervisor. 258 Kan. at 277. Although we believe there may be a significant distinction here, where the supervisor is the claimant, it would appear that transportation to and from a remote job site in a com-

pany vehicle seems to have been the linchpin of the *Kindel* decision, and these facts are present here.

Nowak and St. Paul suggest that a company vehicle should not be determinative, citing *Sumner v. Meier's Ready Mix*, 282 Kan. 283. Granted, compensability was denied for an accident occurring in a company vehicle, but the case must be distinguished by the fact the claimant was on a personal errand at the time of the accident. As stated by the court, "when an employee takes a clearly identifiable side-trip, thereby deviating from the business route, the employee steps beyond the course of employment and toward his or her personal objective." 282 Kan. at 290. We do not find *Sumner* applicable here.

Applying *Messenger* and *Kindel,* and distinguishing *Sumner,* we conclude the Board did not err in finding that travel was an intrinsic part of Halford's employment. Our conclusion, however, is buttressed by the additional conclusion that Halford was on a special work-related errand at the time of his accident. The record establishes that Halford and Benson normally drove directly to a job site, but on the morning in question they were required to pick up supplies at the Nowak "yard" for installation at the job site.

The "work-related errand" or "special purpose trip" exception to the "going and coming rule" applies where traveling is required in order to complete some special work-related errand or special purpose trip in the scope of the employment. See, *e.g., Mendoza v. DCS Sanitation,* 37 Kan. App. 2d 346, 152 P.3d 1270 (2007) (claimant's trip to off-work site location to pick up paycheck compensable as work-related errand); see, *e.g., Ridnour v. Kenneth R. Johnson, Inc.,* 34 Kan. App. 2d 720, 727, 124 P.3d 87 (2005), *rev. denied* 281 Kan. 1378 (2006) (injury to a worker driving home in order to pick up keys so he could let his coworkers into a worksite was compensable); *Brobst v. Brighton Place North,* 24 Kan. App. 2d 766, 774-75, 955 P.2d 1315 (1997) (injury sustained in parking lot after attending a continuing education seminar was compensable).

As emphasized by our court in *Mendoza* and *Brobst,* this exception extends to the normal risks involved in completing the task or travel, and the required perspective is to view the task or trip as

unitary or indivisible, meaning an injury during any aspect thereof is compensable. See *Blair v. Shaw*, 171 Kan. 524, 528, 233 P.2d 731 (1951) (entire trip by mechanics from annual certification test was integral to employment, causing deaths during trip to be compensable). So long as the employee's trip or task is an integral or necessary part of the employment, this exception applies to assure compensability for an injury suffered *during any portion of such trip or task*. See *Kindel*, 258 Kan. at 277.

Applying the special work-related errand exception, Halford's accident occurred as a part of his special trip on the morning in question to the "yard" to pick up materials or supplies for the day's work and must be compensable for this reason as well.

In summary, we conclude that travel was an intrinsic part of Halford's employment, and his trip on the day of his unfortunate death was distinguished by a special work-related errand, thus serving to exclude the accident from the "going and coming rule" of K.S.A. 44-508(f). For either of these reasons, the Board did not err in awarding workers compensation benefits to his survivor.

Affirmed.

LEBEN, J., concurring: I agree fully with Judge Greene's excellent opinion. I merely wish to add that the exception to the "going and coming rule" for travel that is intrinsic to the job is firmly rooted in the statutory language, even though many cases have referred to it as a judicially created exception. The statute provides that a worker is not covered "while the employee is on the way to assume the duties of employment." K.S.A. 44-508(f). Where travel is truly an intrinsic part of the job, the employee has already assumed the duties of employment once he or she heads out for the day's work. Thus, the employee is no longer "on the way to assume the duties of employment"—he or she has already begun the essential tasks of the job. Such an employee is covered by the Workers Compensation Act and is not excluded from coverage by the "going and coming rule." See *Estate of Soupene v. Lignitz*, 265 Kan. 217, 222-25, 960 P.2d 205 (1998) (finding that volunteer firefighter had assumed duties related to employment when he began

responding to emergency call and was thus entitled to workers compensation benefits).