NOT DESIGNATED FOR PUBLICATION

No. 117,827

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KRISTIN L. WAGNER,
*Appellant*,

v.

BOARD OF COUNTY COMMISSIONERS FOR
JOHNSON COUNTY, KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed March 2, 2018. Affirmed.

*Kristin Wagner*, appellant pro se.

*Kathryn D. Myers*, assistant county counselor, for appellee.

Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.

PER CURIAM: Kristen L. Wagner owns real estate in Johnson County (County). She appealed the County's 2014 tax valuation of her property, which she particularly believed overstated the value in comparison with other property in her neighborhood. After exhausting her administrative remedies through the Board of Tax Appeals (BOTA), which upheld the County's valuation, Wagner sought review in the district court. The district court upheld BOTA's finding that the County's valuation represented fair market value and Wagner again appeals. We find no error by the district court and affirm.

1

FACTS AND PROCEDURAL BACKGROUND

Wagner's property is residential real estate in Shawnee, in Johnson County. Wagner and the County had differed on the value of the property prior to the 2014 valuation that spawned this appeal. For tax year 2011, the County valued this property at $569,000. Wagner successfully appealed that valuation at the BOTA regular division, which resulted in a reduced final value of $494,200. BOTA's decision continued that final valuation on statutory grounds through tax years 2012 and 2013.

For tax year 2014, the County valued the property at $535,400 with a Construction Quality/Grade rating (quality rating) of 4.33/Good+. Wagner contested that valuation to the BOTA Small Claims and Expedited Hearings Division and, after Wagner received a favorable result, the County appealed that division's finding to the regular division of BOTA.

At the BOTA evidentiary hearing on December 19, 2014, the County was represented by a Johnson County assistant counselor and Wagner appeared pro se. The hearing officer recognized the burden was on the County and the County presented its case first, offering the testimony of Tracy Weaver, a residential valuation specialist with the county appraiser's office.

Weaver first presented a summary report of Wagner's property, including details about the property and its history. The house is a conventional style five-bedroom house located on 2.08 acres. It has five full bathrooms, one half bath, and a total above grade living area of 3,551 square feet. The residence has a walkout basement, deck, three fireplaces, and an attached garage, along with a swimming pool and 2,000 square feet of finished basement.

Weaver then testified about other features and characteristics of Wagner's home that impacted its rating as a 4.33/Good+ property. These included the architectural design and style of the home, the windows, the roof quality and design, and interior features such as hardwood floors, zoned heating and air conditioning, and countertop quality. The County used the Marshall & Swift Residential Cost Handbook as a guide for evaluating these features. Weaver spoke to the approaches typically used in assessing a property's value and testified the features present in Wagner's property justified its 4.33/Good+ rating. She acknowledged that quality is "a very subjective item for an appraiser," but she identified factors and tools used to guide the quality ratings.

Considering the various approaches to valuation, the County valued Wagner's property "after considering its characteristics, location, and highest and best use; the usability and adaptability of the cost, sales comparison, and income approaches to value; the quality and quantity of data obtained for valuation purposes; and the requirements of K.S.A. 79-503a." The cost valuation report for Wagner's property considered the cost of replacement and the land value using the Marshall & Swift information. That approach resulted in the highest valuation—$787,740.

The County, however, views the comparable sales approach as the best indicator of a residential property's fair market value in Johnson County. Wagner's subdivision is not large and has little turnover, and there were no homes sold in her neighborhood that year, so the County found homes in similar subdivisions in Shawnee to compare to the value of Wagner's property. After making adjustments for differences between Wagner's property and those being compared, that approach resulted in a market value of $569,400. The County also looked at approximate values of properties within Wagner's own subdivision. It found the average of the houses in Wagner's neighborhood to be $569,546 with a high value of $851,100 and a low value of $433,100. Weaver testified that with the various values taken into consideration, the County decided to use the value from the

3

previous year, $535,400, since there were no sales in Wagner's subdivision during the year.

Next, Weaver testified about the appeal history for Wagner's property. Wagner had successfully appealed the County's valuation for tax year 2011, and the County maintained the lowered valuation through tax year 2013 in accordance with K.S.A. 2014 Supp. 79-1460(a). Weaver said the County decided for tax year 2014 it could once again value Wagner's property at fair market value. She concluded by reasserting $535,400 as an accurate representation of the property's fair market value.

Wagner cross-examined Weaver about details of the property—arched windows, shutters, roof slope, composition roofing material—compared to others in her neighborhood with assigned quality ratings of 4.0/Good, rather than 4.33/Good+. Weaver admitted she did not know the roof slope of Wagner's home or how many homes in Wagner's neighborhood have composition roofs like Wagner's. Wagner also testified directly concerning the characteristics of her property compared to those of her neighbors who had a 4.00/Good rating. Finally, Wagner testified she believed the evidence she presented in her testimony showed her home should have been given a 4.00/Good rating, which then should have been used to determine her valuation with the Computer Assisted Mass Appraisal system. Alternatively, she proposed her property should be valued using the 2013 value, $494,200.

Not long after the hearing, the BOTA regular division issued a summary decision upholding the County's 4.33/Good+ rating based on the evidence presented. Wagner requested a full opinion, which BOTA released in January 2015. BOTA provided a history of the property's quality rating, beginning with the 2006 tax year. The decision stated the County met its burden to show the assigned valuation and quality rating were accurate, and the 2014 appraised value was an accurate assessment of its fair market value. The order explained that a property graded "B" was referred to in BOTA's

4

summary decision as "Good," or as "4.00" in the County's exhibit. Similarly, a "B+" grade equated to "Good+" or "4.33." The order concluded:

"The County's documentary evidence is substantial and compelling in showing that the subject property is a 'B+' property and is appraised at less than its fair market value when appraised at $494,200. Consequently, the Board finds that the original 2014 appraised value of $535,400 should be restored."

In January 2015, Wagner petitioned BOTA to reconsider its decision. She first argued she met the requirements set by K.S.A. 2014 Supp. 79-1460 to prohibit an increase in property value for tax year 2014. Wagner then disputed the evidence the County used to show her property is a B+ property. She claimed the County's witness, Weaver, did not present evidence to support her assertions.

BOTA denied Wagner's request for reconsideration and Wagner appealed BOTA's decision to the district court. The district court rejected Wagner's K.S.A. 2014 Supp. 79-1460(a)(2) argument because the Kansas Supreme Court ruled that portion of the statute unconstitutional in *Board of Johnson County Comm'rs v. Jordan*, 303 Kan. 844, 866-70, 370 P.3d 1170 (2016). However, because the statute's subsections are severable, K.S.A. 2014 Supp. 79-1460(a)(1) is still effective. 303 Kan. at 870-71. The district court concluded that in accordance with K.S.A. 2014 Supp. 79-1460(a)(1) and K.S.A. 2014 Supp. 79-503a, the County provided substantial evidence to support its determination and Wagner did not meet her burden of showing that the increased valuation was erroneous.

In June 2016, Wagner filed a "Motion to Alter or Amend Judgment and/or Motion for Reconsideration." Wagner claimed the court applied an incorrect standard of review, arguing the court should have applied a de novo standard in accordance with K.S.A. 2014 Supp. 74-2426(c)(4)(A) instead of the substantial evidence test from K.S.A. 2014 Supp. 77-621(c)(7). Wagner also claimed that although the burden of proof should have been on

5

the County to show that its quality rating was proper, the court placed the burden on Wagner to show the County's valuation was erroneous. Finally, Wagner also questioned the qualification of the County's representative, Weaver, and asserted her own experience and perspective as the homeowner and a person familiar with the other properties in the neighborhood.

In August 2016, the district court set aside its earlier order, granting Wagner's motion to alter or amend that earlier decision and granting Wagner's motion to add the transcript from the BOTA hearing to the record. After reviewing the record de novo, the district court again affirmed BOTA's decision in an April 2017 order. The court stated that through the documentation and testimony from Weaver, the County had met its burden to demonstrate the 4.33/Good+ quality rating was proper and the comparable sales analysis of other 4.33/Good + properties supported the County's valuation.

Wagner timely appeals.

## ANALYSIS

Wagner appeals on two grounds: (1) that the district court erroneously interpreted or applied the law in a way that resulted in the County being relieved of its burden to produce evidence demonstrating, by a preponderance of evidence, the validity of its quality rating; and (2) the district court erred in basing its decision on facts not supported by substantial competent evidence, or the district court's decision was otherwise unreasonable, arbitrary, or capricious.

*District court's application of County's burden to produce evidence*

*Standard of Review*

Wagner sought the district court's review of the BOTA order under the Kansas Judicial Review Act (KJRA). A BOTA order is subject to review under the KJRA, although an appeal to the district court is to be considered de novo. K.S.A. 2016 Supp. 74-2426(c). Our scope of review is set by K.S.A. 2016 Supp. 77-621. To the extent Wagner's argument requires us to interpret statutes, our review is unlimited. *In re Tax Appeal of Graceland College Center*, 40 Kan. App. 2d 665, 668, 195 P.3d 245 (2008), *rev. denied* 289 Kan. 1278 (2009).

*Discussion*

Wagner argues the district court gave unwarranted "favored treatment" to the County by accepting Weaver's testimony rather than her own, even though she had challenged Weaver's opinions concerning the quality rating the County used in valuing her property. Wagner claims Weaver made assertions about that quality rating that were not supported by "probative evidence," while she had offered credible evidence before BOTA based on her personal knowledge of her own property and her familiarity with the neighborhood. Wagner maintains there was no evidence in the record "that would justify preferentially elevating Weaver's testimony and status to a level more credible than Wagner's, and/or allow Weaver, but not Wagner, the authority to make an appraisal judgment." Wagner concludes that "evidence in the record may lean toward Wagner's favor in this regard." It is through this "elevation" of Weaver's evidence over her own that Wagner contends the district court failed to hold the County to its burden.

There is no question Wagner was entitled to present her own opinion about the value that should have been given to her property. It is "'well settled' that a landowner is a

7

competent witness to testify as to the value of that landowner's property." [Citations omitted]. *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1125, 307 P.3d 1255 (2013).

Wagner's appeals to BOTA and the district court were based on the quality rating variable that the County used in computing a value for her property. That remains her focus before this court. The district court specifically addressed Wagner's "particular issue" with the quality rating assigned by the County, starting with a review of the guidelines for a house having a 4.67/Very Good rating. The district court noted the 4.33/Good+ rating the County attached to Wagner's house fell between the 4.00/Good rating for which Wagner argued and 4.67/Very Good. Since the County had the burden to demonstrate its rating was proper, the district court then reviewed the various considerations Weaver had presented in support of the County's rating. The court then contrasted that evidence to Wagner's and concluded:

> "Petitioner's testimony in the BOTA proceedings seemed to focus on comparison of her neighbors' 4.00/Good properties to her own, noting the features of those homes that are similar to hers. However, the inquiry is not into petitioner's neighbors' properties. It is conceivable that petitioner's neighbors' properties exhibit many of the qualities of her home. However, reconciling the guidelines for construction rating with the testimony regarding the specific features of petitioner's house is the crux of this Court's review. The County has met its burden in demonstrating that the 4.33/Good+ rating was proper. The comparable sales analysis of other 4.33/Good+ properties reflects a correct valuation of petitioner's property."

The district court noted the County's burden multiple times in its order and its analysis shows it applied that burden to the evidence in its de novo review. Wagner's real argument centers on her disagreement with the district court's acceptance of the County's evidence, which she contends was not as well-founded as her own. Assessment of the evidence is the district court's role, not ours. "[An] appellate court does not reweigh the

8

evidence or determine the credibility of witness testimony." [Citation omitted]. *Griffin v. Dale Willey Pontiac-Cadillac-GMC Truck, Inc.*, 268 Kan. 33, 34, 991 P.2d 406 (1999); see also K.S.A. 2016 Supp. 77-621(d).

We find no support for Wagner's claim the district court relieved the County of its evidentiary burden.

*Substantial competent evidence; unreasonable, arbitrary, or capricious action*

Wagner next claims the district court's decision to uphold the County's valuation of her property was not supported by substantial evidence or was otherwise unreasonable, arbitrary, or capricious. She argues the district court failed to consider the evidence she presented that impeached Weaver's testimony, instead mischaracterizing it as inquiry into her neighbors' properties. The County argues the evidence supports a determination that its rating of Wagner's property was accurate and highlights the fact that Wagner does not challenge other aspects of the sales comparison valuation.

*Standard of Review*

We review the district court's decision to find whether it is supported by evidence that is substantial when viewed in the light of the record as a whole. K.S.A. 2016 Supp. 77-621(c)(7). We do not reweigh evidence or engage in de novo review. K.S.A. 2016 Supp. 77-621(d). To have substantial supporting evidence means that "a reasonable person could accept it as being sufficient to support the conclusion reached." *In re Protests of Oakhill Land Co.*, 46 Kan. App. 2d 1105, 1114, 269 P.3d 876 (2012). If the decision is not supported by substantial evidence, it may be considered arbitrary or capricious. *In re Equalization Appeal of Johnson County Appraiser*, 47 Kan. App. 2d 1074, 1085, 283 P.3d 823 (2012).

*Discussion*

Wagner frames her argument in the statutory terms—lack of support by substantial evidence and unreasonable, arbitrary, and capricious action—but her brief once again focuses on her assertion that those statutory bases for relief are proven because the district court accepted the County's evidence rather than hers. Wagner's argument that there was a lack of substantial evidence to support the district court's decision is in substance a reiteration of her claim that the district court failed to appreciate the weight of her own evidence when compared with the County's. She does not contest the sales comparison approach used by the County, or the chosen comparable properties, or the adjustments made to the comparable sales in determining the value of her property.

Wagner argues that other houses in her neighborhood that have been assigned a lower quality rating possess characteristics present in her own house. The district court specifically considered that argument, acknowledging the possible mutuality between some qualities in Wagner's house and those in other neighborhood houses assigned a lower quality rating. Indeed, one might expect some features of 4.00 quality houses to be found in a 4.33 quality house along with others that distinguish the two.

The district court's order shows it considered Wagner's evidence and identifies the evidence upon which the decision is based. The evidence the district court relied on was evidence "a reasonable person could accept . . . as being sufficient to support the conclusion reached." *Protests of Oakhill Land Co.*, 46 Kan. App. 2d at 1114.

The district court's decision is supported by substantial evidence based on the County's evidence rather than Wagner's. We do not second-guess the weight the district court gave to the parties' evidence. The record shows the district court considered both supporting and detracting evidence and we find no error in its decision to affirm the BOTA order accepting the County's valuation of Wagner's property.

Affirmed.